**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 07-5150**

─────────

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

CEDRIC O'NEAL BUTLER,

            Defendant – Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Aiken.   Margaret B. Seymour, District Judge.
(1:05-cr-01220-MBS-1)

─────────

Submitted:  January 21, 2009       Decided:  February 13, 2009

─────────

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Russell W. Templeton, Columbia, South Carolina, for Appellant.
W. Walter Wilkins, United States Attorney, Stanley D. Ragsdale,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cedric O'Neal Butler pled guilty to conspiracy to possess with intent to distribute and distribute 50 grams or more of cocaine base (crack) and 500 grams or more of powder cocaine, 21 U.S.C. § 846 (2006), and was sentenced to the mandatory minimum term of 240 months imprisonment. In this appeal, Butler contests the two-level enhancement he received for possession of a dangerous weapon during the offense, U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2007). We affirm.

Butler concedes that the enhancement did not affect his sentence because his advisory guideline range was lower than the mandatory minimum sentence, but seeks review of the issue under the misapprehension that, if he earns a substantial assistance departure in the future, the district court could begin a departure from the guideline range. In fact, any departure would have to begin at the mandatory minimum sentence. United States v. Pillow, 191 F.3d 403, 406-07 (4th Cir. 1999); see also United States v. Diaz, 546 F.3d 566, 568 (8th Cir. 2008) (collecting cases).

The district court's decision that an enhancement is warranted under § 2D1.1(b)(1) is reviewed for clear error. United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). As he did in the district court, Butler argues that the gun he took to a confrontation on November 14, 2004, which resulted in

2

his cousin's arrest, was unconnected to any drug activity. He argues that his case is like McAllister, in which we held that the evidence did not establish that the defendant possessed a gun during a drug transaction, although he both sold drugs and possessed handguns. Id. However, the defendant in McAllister was convicted of drug trafficking, not conspiracy. In McAllister, we also noted that "the Government need only show that the weapon was possessed during the relevant illegal drug activity." Id. In this case, the relevant drug activity was a conspiracy that lasted at least from November 14, 2004, to August 2, 2006. Moreover, the evidence need only show that the gun was located in the same place where the drugs were stored or sold, and need not be "proof of precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997) (quoting United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991)).

The district court had before it undisputed evidence that Butler possessed a gun together with crack and powder cocaine on November 14, 2004. Because he admitted participating in a drug trafficking conspiracy that existed on that day, and because the government proffered evidence, which Butler did not contest, that he "regularly carried a pistol when he dealt drugs," and that "he was dealing drugs during this time period,"

3

we conclude that the district court did not clearly err in applying the enhancement.  See United States v. Idowu, 520 F.3d 790, 795 (7th Cir. 2008) (affirming enhancement where drugs and guns found together).  As previously stated, because Butler was subject to a mandatory 240-month sentence, the court's ruling did not affect his sentence.

We affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED