# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1575

_____

United States of America,

Plaintiff – Appellee,

v.

Ascension Diaz,

Defendant – Appellant.

*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
Western District of Arkansas.

_____

Submitted: September 23, 2008
Filed: November 7, 2008

_____

Before BYE, BEAM, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Ascension Diaz challenges the sentence imposed by the district court[1] after he pleaded guilty to knowingly possessing more than fifty grams of methamphetamine with intent to distribute. We affirm.

I

On May 4, 2007, Arkansas parole officers, Immigration and Customs Enforcement agents, and officers of the Rogers, Arkansas Police Department

---

[1] The Honorable Jimm L. Hendren, United States District Judge for the Western District of Arkansas.

conducted a parole search of Diaz's home based on information he was involved in drug trafficking. The officers found methamphetamine, scales, a spoon with drug residue, marijuana, firearm ammunition, and U.S. currency. After converting the currency into an equivalent drug quantity, the total quantity of methamphetamine seized was approximately eighty-three grams.

On August 8, 2007, Diaz was indicted for one count of knowingly possessing with intent to distribute more than fifty grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). Diaz pleaded guilty on October 10, 2007. Subsequent to his plea, he spent several hours with the Drug Enforcement Administration providing information concerning other unindicted individuals and individuals in separate investigations.

On January 1, 2008, the government filed a motion for downward departure due to substantial assistance under § 5K1.1 of the United States Sentencing Guidelines Manual (U.S.S.G.) and 18 U.S.C. § 3553(e).[2] Because Diaz had a prior conviction for a felony drug offense, he was subject to a statutory mandatory minimum sentence of 120 months. See 21 U.S.C. § 841(b)(1)(B). For a criminal history category IV, Diaz's guidelines sentencing range, however, was 70-87 months. The government sought to bypass the mandatory minimum sentence and have Diaz sentenced within his guidelines sentencing range.

On January 11, 2008, the district court requested briefing regarding the correct starting point for a downward departure—the mandatory minimum or the guidelines sentencing range. The parties agreed the correct starting point was the mandatory

_____

[2] "A motion under § 5K1.1 authorizes the sentencing court to depart below the applicable advisory guideline range in determining the advisory guideline sentence, and a § 3553(e) motion permits the court to sentence below a statutory minimum." United States v. Williams, 474 F.3d 1130, 1131 (8th Cir. 2007).

minimum. Based on that starting point, the government filed a revised downward departure motion, seeking a two-level downward departure.

At the sentencing hearing, the district court agreed the mandatory minimum was the correct starting point for a downward departure. The court then attempted to correlate the mandatory minimum sentence with a guidelines offense level. For Diaz's criminal history category, there are two guidelines offense levels that have corresponding sentencing ranges including the statutory minimum of 120 months: (1) level twenty-seven with a range of 100-125 months; and (2) level twenty-eight with a range of 110-137 months. Because the district court generally began from the lower end of the applicable guidelines range when determining an appropriate sentence, it determined it should depart from the level that had a corresponding sentencing range with a lower end closest to the mandatory minimum. The court selected level twenty-eight because its corresponding lower end, 110 months, was closer to 120 months than level twenty-seven's lower end, 100 months.

The district court granted the revised motion for downward departure and departed downward two levels from level twenty-eight to level twenty-six, resulting in an advisory guidelines range of 92-115 months. Diaz was sentenced to ninety-two months imprisonment. This appeal followed.

II

On appeal, Diaz asserts the district court procedurally erred by departing downward from the higher of the two offense levels that encompass the mandatory minimum sentence of 120 months.[3]

_____

[3] Diaz does not challenge the extent of the downward departure, which likely would not be reviewable, see United States v. Robinson, 536 F.3d 874, 878 (8th Cir. 2008), or the substantive reasonableness of his sentence.

We review a district court's interpretation and application of the sentencing guidelines *de novo*. United States v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008). "If the district court's decision is procedurally sound, then we will consider the substantive reasonableness of the sentence imposed, applying an abuse-of-discretion standard." Id. at 855 (quoting United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008)).

The district court correctly interpreted and applied the sentencing guidelines. The guidelines provide: "Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b). The district court thus properly determined the mandatory minimum sentence of 120 months was the guidelines sentence, and thus the appropriate point from which to depart downward. See United States v. Auld, 321 F.3d 861, 867 (9th Cir. 2003) (holding, where the statutory minimum sentence exceeds the guidelines sentence, a substantial-assistance downward departure begins at the mandatory minimum sentence); United States v. Stewart, 306 F.3d 295, 331-32 (6th Cir. 2002) (same); United States v. Cordero, 313 F.3d 161, 166 (3d Cir. 2002) (same); United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000) (same); United States v. Head, 178 F.3d 1205, 1206 (11th Cir. 1999) (same); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999) (same); United States v. Hayes, 5 F.3d 292, 295 (7th Cir. 1993) (same).

Diaz nonetheless asserts the district court "[procedurally] erred in calculating the proper guidelines range" by then selecting the higher of the two offense levels that encompass the mandatory minimum sentence. Although downward departures "should not be untethered from the structure of the advisory guidelines," United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2005), the guidelines do not mandate a particular approach for calculating a substantial-assistance downward departure. The sentencing court may, as here, depart by levels; it also may depart by months. See United States v. Jensen, 493 F.3d 997, 1000 (8th Cir. 2007), vacated on other grounds,

128 S.Ct. 1069 (2008). Because the decision to depart by levels is discretionary, we cannot say the district court's decision to select the higher of two levels that encompass the mandatory minimum sentence was procedural error.

## III

We affirm Diaz's sentence.

_____