**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0084n.06

**No. 09-5535**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Feb 07, 2011**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

           **Plaintiff-Appellee,**

v.

ROY DARRELL BURNS,

           **Defendant-Appellant.**

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

**BEFORE:** **BOGGS, SUHRHEINRICH, and STRANCH, Circuit Judges.**

        **SUHRHEINRICH, Circuit Judge.**  Defendant-Appellant Roy Darrell Burns appeals his

sentence of 132 months for conspiring to distribute methamphetamine.  He argues that the district

court erred in denying the Government's motion under 18 U.S.C. § 3553(e).  We AFFIRM.

**I.**

        In January 2008, federal agents executed a search warrant at Burns's residence.  He fled.  The

officers apprehended him, and discovered 73.9 grams of methamphetamine in his pocket.  Burns was

indicted in federal court on one count of conspiracy to possess with intent to distribute 50 grams or

more of a mixture or substance containing methamphetamine, and possession with intent to distribute

less than 50 kilograms of marijuana, all in violation of 21 U.S.C. §§ 841(a)(1).  Burns pleaded guilty

to count one of the indictment.

        Under the advisory U.S. Sentencing Guidelines, Burns had a total offense level of 31.  Burns

had twenty-four criminal history points and a criminal history category VI (which requires only

thirteen points). The resulting Guidelines range was 188 to 235 months, with a statutory minimum of 120 months.

After his arrest, Burns substantially cooperated with the government. He gave them information on twenty-two individuals, which generated numerous indictments and helped the Government unravel a multi-state methamphetamine syndicate. Based on this assistance, the Government filed a motion under U.S.S.G. § 5K1.1 for a departure from the Guidelines and under 18 U.S.C. § 3553(e) to depart below the statutory minimum.

After conducting a sidebar conference on the Government's motion under section 5K1.1 and § 3553(e), the district court recommended the sentencing hearing in open court by discussing the § 3553(a) factors.[1] It noted that Burns was engaging in "drug activity" and that a number of others were involved. The court also noted "the devastating effect" of drugs like marijuana and methamphetamine on the community. The court remarked that Burns had extensive dealings with the state court system, which seemed to have little deterrent effect, also an important factor. Relatedly, the court felt a need to protect the public. Next, the court observed that while Burns had "done quite a bit to help himself," he had not received effective drug treatment. The court said it would recommend Burns be placed in the intensive drug education and treatment program while incarcerated.

The court stated that, if it were not for Burns's substantial assistance, the court would have imposed a sentence higher than the top of the advisory Guidelines range; that is, higher than 235

---

[1]Initially the district court conducted a sidebar conference on the Government's motion pursuant to section 5K1.1 of the United States Sentencing Guidelines Manual and 18 U.S.C. § 3553(e). During this portion of the proceedings, the Government detailed for the court the information Burns provided. The motion and sidebar were placed under seal.

months, and likely in the neighborhood of 242 to 245 months, due to Burns's lengthy criminal history and the inadequacy of criminal history category VI. *See* USSG § 4A1.3.

Considering the section 5K1.1 motion, the court determined that Burns was entitled to "a very significant departure" and "a substantial reduction" based on his "extensive cooperation." As a result of his cooperation, the district court granted the section 5K1.1 motion, departing downward by six offense levels to a range of 110 to 137 months, and stated that he would sentence Burns to "the upper end of the range" because of Burns's "extensive criminal history" and other sentencing factors.

The district court denied the § 3553(e) motion, however, stating as follows:

> The Court does not believe it would be appropriate to grant the motion under 3553(e) for the reasons I've stated. And of course, with the range that we're talking about, it's not necessary for the Court to do that. Again, that is a substantial reduction, but it's one that the Court believes is justified. . . . [T]he Court believes under the circumstances it wouldn't be appropriate to impose more of a reduction, or even a variance, for the reasons that I have stated. . . . I do believe that the following sentence is sufficient but it's not greater than necessary to comply with the purposes of Title 18, Section 3553(a)(2).

The court then imposed a sentence of 132 months' imprisonment.

The district court asked the parties if either had any objections to the proceedings under *United States v. Bostic,* 371 F.3d 865 (6th Cir. 2004). Burns asked whether the court was granting or denying the § 3553(e) motion. The court responded: "I denied the motion under 3553(e). Inasmuch as the sentence of the Court was greater than the mandatory minimum 120 months, it was not necessary to grant the motion. . . . So for that reason, the Court denied the motion." This appeal follows.

## II.

Burns argues on appeal that the district court failed to consider the required factors in denying the Government's § 3553(e) motion. Specifically, Burns claims that the district court erred when it

"first set the sentence for Mr. Burns, and then subsequently determined that the motion did not need to be granted," rather than "first rul[ing] on the merits of the motion, and then set[ting] the sentence accordingly." Appellant's Br. at 7.

A district court's decision not to depart downward is not reviewable unless the record shows that the court was unaware of, or did not understand, its discretion to make such a departure. *United States v. Santillana*, 540 F.3d 428, 431 (6th Cir. 2008). To the extent Burns is challenging the method the court used to calculate a downward departure, we may address the issue. *See United States v. Stewart*, 306 F.3d 295, 331 (6th Cir. 2002). Review is limited to plain error in this case, however, because Burns failed to object below. *See* Fed. R. Crim. P. 52(b). Thus, Burns must show (1) error, (2) that is plain, and (3) that affects substantial rights. Once these are shown, the appellate court must decide if the error affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 466-67 (1997).

Section 5K1.1 of the United States Sentencing Guidelines Manual allows for a departure below the Guidelines range; 18 U.S.C.§ 3553(e) allows for a sentence below the statutory minimum. *United States v. Gabbard*, 586 F.3d 1046, 1049 (6th Cir. 2009) (per curiam). Section 5K.1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." Section 3553(e) gives a court limited authority to impose a sentence below a statutory minimum, providing in relevant part: "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." "Title 18 U.S.C. § 3553(e) alone

-4-

provides the district court sufficient authority to sentence the defendant below the statutory mandatory minimum." *Gabbard,* 586 F.3d at 1049. *See also United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007) ("A court may not depart below the statutory minimum unless the government moves for such a departure under either 18 U.S.C. §§ 3553(e) or 3553(f)."). A departure under § 3553(e) must be based solely upon substantial assistance rendered by the defendant. *United States v. Bullard*, 390 F.3d 413, 416 (6th Cir. 2004).

As the Government aptly observes,

> Burns's entire argument is based upon the faulty premise that the district court, when addressing the government's motion to depart, should have examined the extent of his cooperation relating to a departure below the advisory Guidelines range pursuant to U.S.S.G. § 5K1.1 *separately* from a possible departure below the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e).

Appellee's Br. at 6. We can find no such requirement in the Guidelines; indeed one would be superfluous since the two provisions are virtually identical. And it is clear from the record that the district court understood not only its authority to depart but the appropriate methodology under both section 5K1.1 and § 3553(e). The record further reflects that the district court determined that while Burns was entitled to a sentence substantially below the Guidelines range, he was not entitled to any further reduction that would take his sentence below the mandatory minimum sentence.

None of the cases Burns cites support his argument. In *United States v. Becker*, 302 F. App'x 417 (6th Cir. 2008), the defendant argued that the district court misunderstood the scope of its discretion to depart after it noted that the defendant's cooperation failed to lead to any prosecutions other than his own. This court disagreed, stating that the district court "was fully aware of its discretion," listing the lack of other prosecutions as one reason that it did not find that the defendant's assistance was sufficiently substantial to warrant a downward departure. *Id.* at 419.

Although Burns's assistance led to numerous criminal charges, it is equally apparent here that the district court was aware of the scope of its discretion. It not only determined that Burns was entitled to "a very significant departure" and "a substantial reduction" based on his "extensive cooperation," but also that more of a reduction would not have been appropriate given his extensive criminal history and other § 3553(a) factors. Thus, Burns is not correct when he states that the district court failed to conduct any analysis regarding Burns's cooperation in the context of § 3553(e). The district court clearly stated that it had granted a sufficient reduction under section 5K1.1, and that a further reduction below the statutory minimum based on those same factors was not warranted under § 3553(e). And the court reiterated that point when the defendant sought clarification.

Reliance on *United States v. Bureau*, 52 F.3d 584 (6th Cir. 1995), is also misplaced. There, this court held that the sentencing judge must rule on a motion to depart without regard to future events, such as the possibility of a future reduction under Fed. R. Crim. P. 35(b) based upon post-sentencing cooperation. *Id*. at 595. This court remanded for resentencing because it could not tell whether the district court's six-month reduction of the sentence was incomplete because it looked to a potential Rule 35(b) motion. *Id*.[2]

*McIntosh* too is inapposite. In *McIntosh*, we held that the government's failure to object at a guilty plea hearing to the district court's misstatement that it could depart below the statutory minimum sentence meant that the court's statement became part of the plea agreement or at a minimum an ambiguity to be construed against the government. *Id*. at 836.

---

[2]Contrary to Burns's suggestion, nothing in the record reflects that the district court would refuse to consider a motion to depart based upon post-sentencing cooperation.

*Stewart* also does not apply. There we held that the starting point for a downward departure is the mandatory minimum when the minimum exceeds the otherwise applicable Guidelines range. *Stewart*, 306 F.3d at 331-32. This is because U.S.S.G. §5G1.1(b) provides that "'[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the *statutorily required minimum sentence shall be the guideline sentence.*'" *Id.* at 332 (quoting *United States v. Hayes*, 5 F.3d 292, 294-95 (7th Cir. 1993)). We reasoned that starting at the lower Guidelines range "would afford defendants a double benefit by first permitting them to avoid a higher mandatory minimum sentence and then granting a departure from an even lower sentencing guidelines range." *Id.*

In this case, Burns's advisory Guidelines range exceeded the statutory mandatory minimum. By the same logic, the district court properly used the Guidelines range as the starting point for departure, not the other way around. *See United States v. LI*, 206 F.3d 78, 89 (1st Cir. 2000) (stating that "the proper starting point from which a departure is to be subtracted or to which it must be added is the greater of the guideline range or the mandatory minimum"); *see also Stewart*, 306 F.3d at 332 (citing *LI*).

Here the district court first considered the applicable Guidelines range, discussing the § 3553(a) factors. It then determined that a departure was appropriate under section 5K1.1 based on Burns's substantial assistance. It further concluded that an additional reduction below the statutory minimum for substantial assistance was not warranted under either section 5K1.1 or § 3553(e). In short, there was no error, let alone plain error.

In the end, Burns's claim is simply a complaint about the degree of the district court's departure. For this we lack jurisdiction. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir.

2008) (order) (stating that this court lacks jurisdiction to consider extent of departure for substantial assistance).

## III.

The judgment of the district court is **AFFIRMED.**