NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 16a0665n.06

Case No. 16-1227

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Dec 13, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| KENNETH SLOSS | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

**BEFORE: BATCHELDER, STRANCH, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge.** Kenneth Sloss pled guilty to conspiracy to distribute and possess with intent to distribute heroin and received a 240-month sentence. The district court subsequently reduced his sentence to 144 months based on Sloss's substantial assistance to the Government, and again to 116 months based on his 18 U.S.C. § 3582(c)(2) motion. Sloss contends the district court abused its discretion in calculating the latter reduction. For the reasons discussed below, we **AFFIRM**.

I.

Sloss was charged with conspiracy to distribute and possess with intent to distribute over one kilogram of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(i). He pled guilty and was sentenced to 240 months of imprisonment. Sloss's total offense level was

calculated at 34, which was based on a base offense level of 32 and a two-level enhancement for absconding prior to sentencing. With a criminal history category of III, his guideline range was calculated at 188–235 months. The district court imposed a five-month upward departure, reasoning that the two-level enhancement did not adequately account for Sloss's failure to appear at sentencing. So it sentenced Sloss to 240 months of imprisonment. Sloss did not appeal his sentence.

Several years later, the Government filed a Federal Rule of Criminal Procedure 35(b) motion for reduction of sentence based on Sloss's substantial assistance. It requested that Sloss's sentence be reduced by 60 months. Finding Sloss's assistance merited more extensive relief, the district court reduced his sentence to 144 months, representing a 96-month, or a 40% reduction from his 240-month sentence.

Sloss then moved for a sentence reduction under Amendment 782 and 18 U.S.C. § 3582(c)(2). The Probation Office filed a Sentence Modification Report ("SMR"), assigning Sloss a total offense level of 32 (two points lower than his original offense level) and a criminal history category of III (no change from his original offense level). The Probation Office recommended a total sentence of 116 months in prison. Sloss filed a response to the SMR, disagreeing with the Probation Office's calculation. Sloss requested a sentence of 97 months, which he arrived at by adding 5 months to 188 months (the top end of the amended guidelines range), from which he subtracted 96 months (the number of months in his original Rule 35(b) reduction) (*i.e.* 188 + 5 − 96 = 97). The Government agreed with the Probation Office's calculation of 116 months, which it found by adding five months to the top end of the amended guideline range (188 + 5 = 193), and then by reducing that by 40% to arrive at 116 months (*i.e.* 193 x 0.60). The district court agreed with the sentence recommended by the Probation Office

and the Government and reduced Sloss's sentence to 116 months of imprisonment. Sloss appeals the computation of the sentence reduction under § 3582(c)(2).

II.

Sloss maintains that the district court abused its discretion in calculating his sentence reduction in two ways. First, the district court erred in factoring a five-month upward departure into the § 3582(c)(2) sentence reduction calculation, which, Sloss asserts, is prohibited under our precedent in *United States v. Pembrook*, 609 F.3d 381 (6th Cir. 2010). Next, Sloss contends that under Fourth and Eleventh Circuit precedents, various methodologies may be used to determine the extent of the departure, including a percentage reduction and reductions based on a specific number of months. He contends that the district court abused its discretion in basing the § 3582(c)(2) reduction on percentage, rather than the number of months, because in determining the sentence reduction under Rule 35, the Government requested a reduction of 60 months, not a reduction based on percentages. Thus, in determining a comparable reduction under § 3582(c)(2), Sloss reasons, the district court should have used the same methodology, reducing Sloss's sentence by 96 months, not by 40%.

We review the district court's ruling on a § 3582(c)(2) motion for abuse of discretion. *United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *Id.* (quoting *Pembrook*, 609 F.3d at 383).

Section 3582(c)(2) provides that when a defendant has been sentenced based on a sentencing range subsequently lowered by the Sentencing Commission, the district court "*may reduce the term of imprisonment.*" 18 U.S.C. § 3582(c)(2) (emphasis added). The district court's inquiry requires two steps. First, the district court determines whether a defendant is

eligible for a reduction. *United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010) (citing *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). To ascertain whether the defendant's sentencing range has been lowered by an amendment, the district court must first calculate "the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Here, neither party disputes that the district court correctly determined that Sloss was eligible for a sentence reduction and that his amended guideline range was properly calculated at 151–188 months. Rather, the dispute centers on the second step, where the district court determines, "in its discretion," whether a reduction is warranted under the circumstances. *See Watkins*, 625 F.3d at 280 (citing *Dillon*, 560 U.S. at 826–27). Normally under this step, the district court may not reduce the defendant's prison term below the amended range calculated at step one. U.S.S.G. § 1B1.10(b)(2)(A). But if, as is the case here, the term of imprisonment imposed was lower than the original guideline range pursuant to the Government's motion for a reduction based on the defendant's substantial assistance "a reduction *comparably less* than the amended guideline range determined under [step one] *may* be appropriate." *Id.* at § 1B1.10(b)(2)(B) (emphasis added).

Sloss first argues that the district court erred in including the five-month upward variance in its calculation. However, his contention that our precedents broadly "prohibit guideline departures at sentencing from being factored in to the sentence reduction calculus" misconstrues our case law. *See* CA6 11, Appellant Br. at 17. To the contrary, in *Pembrook* we held that "a defendant's *applicable guideline range* for the purposes of U.S.S.G. § 1B1.10 is the range that applies before the sentencing court grants any discretionary departures." 609 F.3d at 387. This ruling is specific to the calculation of the original guideline range, which we compare to the

amended guideline range at step one of our inquiry, *see id.* at 383–84. It does not apply to the discretionary calculation of the reduction at step two. *See* U.S.S.G. § 1B1.10, App. Note 1(A) ("Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers *the applicable guideline range* (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." (emphasis added)). Indeed, for the reasons discussed below, prohibiting the district court from considering this five-month departure at step two would improperly infringe on the discretion vested in the district court to calculate the extent of the departure.

Turning to Sloss's second argument, Sloss would have us create a rule that in calculating a reduction under § 3582(c)(2) that is comparable to a previously granted reduction for substantial assistance, the district court must use the same methodology in calculating the former reduction as it did in computing the latter. As an initial matter, the reduced sentence *was* based on the same methodology. In both cases, Sloss's amended sentence is equal to 40% of the sum of the high end of the guideline range plus five months. Surely then, the two reductions given are comparable. But even if we were to accept Sloss's perplexing argument that because *the Government* requested a reduction based on the number months, the district court was required to base its calculation of the sentence on the number of months rather than a percentage, his reasoning still fails.

First, not even the out-of-circuit precedents relied on by Sloss in his briefs *require* the use of a particular methodology in calculating a defendant's reduced sentence. *See, e.g., United States v. Hayes*, 762 F.3d 1300, 1303 (11th Cir. 2014) (observing that in calculating the extent of a substantial assistance departure, "the district court has discretion in deciding what methodology

to use once it grants a motion for departure"); *United States v. Fennell*, 592 F.3d 506, 509 (4th Cir. 2010) ("We now hold that these same methods, or any other reasonable method that results in a comparable reduction, are available to a sentencing court during a resentencing held pursuant to 18 U.S.C. § 3582(c)(2)."). Moreover, by its own terms, 18 U.S.C. § 3582(c)(2), which provides that the district court *may* reduce the defendant's term of imprisonment if the defendant is eligible, "does not create a *right* to a reduced sentence." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); *see also* U.S.S.G. § 1B1.10, App. Note 3. ("[T]he sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under [U.S.S.G. § 1B1.10(b)(2)(C)]."). For instance, in *Curry*, we upheld the district court's decision not to apply *any* reduction in sentence even though the defendant was eligible and despite the court's failure to articulate its reasons for declining to reduce the sentence. 606 F.3d at 330–31. Also, in *United States v. Chambliss*, based on the district court's broad discretion, we upheld its decision to reduce the defendant's sentence to a term lower than his original sentence, but greater than the amended guideline range. 398 F. App'x 142, 144 (6th Cir. 2010).

Our precedents do not support Sloss's assertion that the district court, which did not have to have to reduce Sloss's sentence despite his eligibility for a reduction, abused its discretion in reducing Sloss's sentence well below the amended guideline range simply because it failed to reduce it according to a methodology that it was not required to use.

III.

For the foregoing reasons, we **AFFIRM** Sloss's sentence.