RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0161p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 22-1909

TYLER ALLEN SMITH,

*Defendant-Appellant.*

───────────────

Appeal from the United States District Court for the Western District of Michigan at Marquette.
No. 2:22-cr-00001-1—Hala Y. Jarbou, District Judge.

Decided and Filed:  July 31, 2023

Before:  MOORE, CLAY, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Elizabeth A. LaCosse, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Marquette, Michigan, for Appellant.  Theodore J. Greeley, UNITED STATES ATTORNEY'S OFFICE, Marquette, Michigan, for Appellee.

NALBANDIAN, J., delivered the opinion of the court in which CLAY, J., joined. CLAY, J. (pp. 10–11), delivered a separate concurring opinion.  MOORE, J. (pp. 12–20), delivered a separate dissenting opinion.

───────────────

## OPINION

───────────────

NALBANDIAN, Circuit Judge.  Tyler Smith pleaded guilty to conspiring to distribute methamphetamine.  As a repeat offender, he faced a statutory mandatory minimum of 180 months.  But because Smith cooperated, the government moved for a downward departure and a release of the mandatory minimum, which the district court granted.  The district court then

sentenced Smith to 158 months' imprisonment.  Smith now appeals, arguing that the district court improperly calculated the starting guidelines range for the downward departure.  Finding no error, we affirm.

**I.**

In 2021, Smith was pulled over in a car that contained about 103 grams of crystal methamphetamine.  And later, the officers confirmed that Smith was a supplier and operator of a drug-trafficking network in Michigan.

Relevant here, a federal grand jury indicted Smith for possession with intent to distribute 50 grams or more of methamphetamine and conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine.  After the grand jury returned an indictment, the government filed a notice explaining that it would seek an enhanced mandatory minimum of 180 months under 21 U.S.C. § 851 because of Smith's prior conviction for drug trafficking.

Smith then pleaded guilty to the conspiracy charge, and the government dropped the possession charge.  As part of his plea deal, Smith agreed to cooperate with the government as it continued its investigation.  The presentence report arrived at a guidelines range of 180 to 188 months—a combination of his uncontested guidelines range of 31-IV (151 to 188 months) and his statutory mandatory minimum (180 months).  And both parties agreed that the district court should use the 180 to 188-month range as the basis for a downward departure.

In preparation for sentencing, the government moved for a release of the mandatory minimum and a downward departure of one level under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 for Smith's cooperation.  Although in the government's view Smith had lied throughout its investigation, the government agreed that Smith had supplied some helpful information—thus, the government's request for only a single-level departure.  On the other hand, Smith argued that he "earned and deserve[d]" a four-level departure.  (R. 406, Sentencing Hearing, p. 17.)

The effect of a downward departure in a case like this is to make the mandatory minimum no longer mandatory.  So if the district court granted the government's request for a downward

departure, 180 months would no longer be the floor of Smith's sentence. *See* 18 U.S.C. § 3553(e).

At sentencing, *first*, the district court calculated the guidelines range based on Smith's criminal history category and offense level, as it was required to do under U.S.S.G. § 1B1.1. *See* U.S.S.G. § 1B1.1(a) (explaining that the "court shall . . . [d]etermine the guideline range in [the Sentencing Table] that corresponds to the offense level and criminal history category"). Just as the parties had argued, the district court determined that Smith fell into the 31-IV range of 151 to 188 months. And the district court determined that Smith had a mandatory minimum of 180 months. *See* U.S.S.G. § 1B1.1(b)–(c).

*Second*, the district court determined that Smith's mandatory minimum of 180 months created a new range of 180 to 188 months.

*Third*, the court calculated the departure. Somewhere in the middle of the parties' suggestions, the court decided on a two-level departure, explaining that "[o]ne level [wa]s certainly appropriate and "maybe two levels." (R. 406, Sentencing Hearing, p. 20–21.) The district court said that it wasn't "sure" Smith deserved two levels but decided to "give him the benefit of that" anyway. (*Id.* at 20–21; *see id.* (explaining that "the overriding consideration is . . . truthfulness" and that Smith's "cooperation was undermined by his untruthfulness").) Once the court landed on a two-level departure, it determined what level on the Sentencing Table to subtract the two levels from. And this was complicated because the 180 to 188-month "range" did not correspond exactly to a preexisting range in the guidelines table.

The government argued that the two-level departure should start at the 32-IV range of 168 to 210 months because the new 180 to 188-month range fell "basically right in the middle" of the 32-IV range. Smith argued that the 31-IV range of 151 to 188 months—as calculated in the Presentence Report and confirmed by the district court in its § 1B1.1(a) calculation—represented the starting point for the downward departure.

So the district court had two options. If it went Smith's way, the court's two-level departure would arrive at the 121 to 151-month range (29-IV). If the court went the government's way, the district court would arrive at a higher 135 to 168-month range (30-IV).

The district court took the government's recommendation, started with the 32-IV range because 180 to 188 months fell in the middle of that range, and departed two levels to arrive at the 30-IV range of 135 to 168 months.

After deciding on that range, the district court explained that "the guidelines in the end are advisory" and that "ultimately the [c]ourt's sentence is where the [c]ourt believes this defendant should be sentenced to, and so even if there were other ranges that would be more appropriate, ultimately the sentence that the [c]ourt is going to pronounce . . . is the appropriate sentence." (R. 406, Sentencing Hearing, p. 30–31.) The court then explained that it understood "its discretion in determining an appropriate sentence pursuant to" Supreme Court precedent. (*Id.* at 31.)

Then the court evaluated the 18 U.S.C. § 3553(a) factors and noted the following: the need for deterrence in light of Smith's multiple felonies and misdemeanors, the court's desire to avoid unwanted sentencing disparities among similarly situated defendants, Smith's somewhat stable upbringing, and Smith's role in the crime. So after the district court considered "all the factors in this case, pursuant to the Sentencing Reform Act of 1984," it imposed a 158-month sentence with ten years of supervised release. (*Id.* at 33–34.) Smith timely appealed, arguing that his sentence was procedurally unreasonable.

**II.**

When a defendant properly objects below—as Smith did here—we review procedural reasonableness for abuse of discretion. *See United States v. Taylor*, 648 F.3d 417, 422 (6th Cir. 2011). A sentence is procedurally unreasonable when, for instance, a district court improperly calculates the guidelines range, treats the guidelines range as mandatory, doesn't consider the factors under 18 U.S.C. § 3553(a), uses clearly erroneous facts in coming up with a sentence, or doesn't adequately explain why a particular sentence was chosen. *Id.*

Because the guidelines are silent on the method for calculating a downward departure, that determination falls within the district court's discretion. *United States v. Hayes*, 762 F.3d 1300, 1303 (11th Cir. 2014). And any challenge as to the extent of a downward departure based

on substantial assistance is unreviewable. *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005).

## III.

Smith is challenging the guidelines range the district court used to subtract the two levels from. To understand his challenge, we'll lay out in some detail the three-step process for granting a downward departure from the mandatory minimum in the district court: (1) the district court must calculate the guidelines range under U.S.S.G. § 1B1.1; (2) the district court then creates a new range with the mandatory minimum as the floor; and (3) the district court, in its discretion, chooses a method for calculating a downward departure under § 3553(e) and either grants or denies the departure. As we'll explain, Smith doesn't contest how the district court applied steps (1) or (2). He only contests how the district court carried out its departure method at step (3).

*First*, start with the district court's initial guidelines calculation under U.S.S.G. § 1B1.1. The district court must calculate the base offense level, criminal history category, and guideline range from the Sentencing Table that corresponds to the defendant's offense level and criminal history category. U.S.S.G. § 1B1.1(a). Then, as relevant here, § 1B1.1(b)–(c) directs the court to consider any applicable departures and the 18 U.S.C. § 3553(a) factors. So here, the district court determined that Smith's criminal history category and offense level corresponded to a 31-IV range (151 to 188 months) on the Sentencing Table and that Smith had a mandatory minimum of 180 months. Smith and the government agree with the district court on these numbers. So far, so good.

*Second*, the mandatory minimum. When a mandatory minimum falls within a guidelines range, it "becomes the floor" of the defendant's new guidelines range. *United States v. Joiner*, 727 F.3d 601, 605 n.2 (6th Cir. 2013); *see also* U.S.S.G. § 5G1.1; *United States v. Simpson*, 228 F.3d 1294, 1303 (11th Cir. 2000). So the district court replaced the original floor of the range (151 months) with Smith's 180-month mandatory minimum. It then calculated a new guidelines range of 180 to 188 months. The parties both agree that this is the correct guidelines range, accounting for the mandatory minimum. Again, so far, so good.

Now, the *third* step—where the district court determines the method for calculating the downward departure and grants the departure. This is where the parties disagree. U.S.S.G. § 5K1.1 allows the district court to "depart from the *guidelines*" upon "motion of the government" when the "defendant has provided substantial assistance" in an investigation or prosecution. U.S.S.G. § 5K1.1 (emphasis added). But a district court may only depart below the *statutory mandatory minimum* when the government invokes 18 U.S.C. § 3553(e).

When a district court chooses to impose a downward departure under 18 U.S.C. § 3553(e) (after the government requests it), the court must impose the sentence "in accordance with the guidelines and policy statements issued by the Sentencing Commission." 18 U.S.C. § 3553(e).

"Because § 5K1.1 is silent as to the methodology to be used in determining the extent of a substantial assistance departure, the government has discretion in recommending a methodology, and the district court has discretion in deciding what methodology to use once it grants a motion for departure."[1] *Hayes*, 762 F.3d at 1303; *United States v. Sloss*, 665 F. App'x 439, 442 (6th Cir. 2016) (rejecting a rule cabining the district court's discretion to craft methodology "in calculating a defendant's reduced sentence"); *see also United States v. Diaz*, 546 F.3d 566, 578 (8th Cir. 2008) (reviewing the method for calculating a downward departure under § 3553(e) for procedural error—that is, abuse of discretion); *United States v. Prince*, 214 F.3d 740, 762 (6th Cir. 2000) ("We review for abuse of discretion matters within the discretion of the district court.").

That discretion is only limited by the fact that the district court must begin the departure at the right starting point and base such a departure only on substantial assistance. *See United States v. Stewart*, 306 F.3d 295, 330–31 (6th Cir. 2002) (explaining that we review de novo whether the district court used the correct starting point in calculating a downward departure under § 3553(e)); *United States v. Bullard*, 390 F.3d 413, 417 (6th Cir. 2004); *United States*

---

[1]"These methodologies include offense-level-based reductions, months-based reductions, and percentage-based reductions." *United States v. Marroquin-Medina*, 817 F.3d 1285, 1289 (11th Cir. 2016). And it is within a district court's "discretion to use any of these methodologies." *Id.*

*v. Smith*, 278 F.3d 605, 609 (6th Cir. 2002) ("The sentencing court's ultimate decision regarding departure is reviewed for an abuse of discretion.").

In Smith's case, the district court decided to depart two levels for Smith's substantial assistance.[2]   Using the 180 to 188-month range that the parties had agreed was the correct starting point, the district court turned to the Sentencing Table to calculate the downward departure.  Based on Smith's criminal history category of IV, there were two different offense-level ranges that could have applied: the original 31-IV range (151 to 188 months) or the 32-IV range (168 to 210 months).  The court chose the 32-IV range as the starting point.

The district court's decision to choose to depart from the 32-IV range rather than the 31-IV range was well within its discretion, given Smith's untruthfulness in his interviews with the government, (R. 406, Sentencing Hearing, p. 18.), and all the other facts the district court found under § 3553(a) that supported that decision: Smith "was a main partner in" the drug-dealing operation; Smith's multiple "previous jail sentences" had "certainly not been a deterrent"; Smith had a "significant history of failing to appear, violations of probation, [and] violations of parole"; and Smith had "four [prior] felonies,"[3] (*id.* at 32–33.); *cf. United States v. Acosta*, 963 F.2d 551, 553 n.2 (2d Cir. 1992) ("We have held that when a sentence falls within the overlap and the sentencing judge makes clear that the same sentence would be imposed regardless of which of the two guidelines ranges is applicable, we will not engage in the metaphysics of determining which is the appropriate range."); *United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir. 1992) ("'By overlapping the ranges, the table should discourage unnecessary litigation.  Both prosecution and defense will realize that the difference between one level and another will not necessarily make a difference in the sentence that the court imposes.' U.S.S.G. Ch. 1, Pt. A4(h), intro. comment.").

---

[2]The government's request for a one-level reduction shaped how the district court granted the departure. As we noted, sometimes the government instead asks for a reduction of months, untied to the Sentencing Table. *See, e.g.*, *Diaz*, 546 F.3d at 568.  Here, because the government chose the offense-level approach, the district court decided to adhere to that approach in determining how to craft a departure.  Both the 31-IV designation and the 32-IV designation from the Sentencing Table encapsulated the 180 to 188-month guidelines range—the starting point for the departure.

[3]Smith doesn't challenge any of these findings.

After calculating two levels down from the 32-IV range to the 30-IV range (135 to 168 months), the court imposed a 158-month sentence. We see no abuse of discretion in the district court's choice. As the Eighth Circuit concluded, the court's decision falls precisely within its discretion. *Diaz*, 546 F.3d at 568 ("Because the decision to depart by levels is discretionary, we cannot say the district court's decision to select the higher of the two levels that encompass the mandatory minimum sentence was procedural error.").

Smith's argument is that the court procedurally erred when it chose a 32-IV range as the start for the two-level departure instead of the original 31-IV guidelines range it calculated. He contends that the court should have used the range that had already been calculated and that had provided the upper bound for the new range.

The problem with Smith's argument is that once the district court calculated the new guidelines range based on the 180 to 188 month-sentence and the substantial-assistance calculus of § 5K1.1, it was no longer bound by the 31-IV characterization calculated under § 1B1.1(a). 180 to 188 months became the new range. Indeed, the district court could have even departed by months rather than by offense levels had it wanted to. *See United States v. Hargrett*, 156 F.3d 447, 450 n.1 (2d Cir. 1998) ("A downward departure based on Section 5K1.1 does not require the district judge to pick a new offense level and a particular sentence within the range set for that level; rather, the court may simply pick a sentence of so many months without mention of an offense level."); *Diaz*, 546 F.3d at 568 ("[T]he guidelines do not mandate a particular approach for calculating a substantial-assistance downward departure. The sentencing court may, as here, depart by levels; it also may depart by months."). Instead, the district court exercised its broad discretion to use the Sentencing Table as a guardrail in departing downward. *See Stewart*, 306 F.3d at 330–31.

Everyone, including the district court, agreed that the starting point was the new 180 to 188-month range. And the court didn't abuse its discretion by choosing a Table range that corresponded to that calculation and Smith's criminal history category as part of its method of downward departure. The 180 to 188-month range was still the starting point and lodestar. With that, we decline to second-guess the district court's approach now. *See id.* We see no procedural error here.

But even if there were error, it would be harmless. To establish harmless error, the government must show that "the error at sentencing did not cause[] the defendant to receive a more severe sentence" than he would have gotten absent the error. *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006).

The government has carried its burden. That's because the district court explained that ultimately "the [c]ourt's sentence is where the [c]ourt believes this defendant should be sentenced to, and so even if there were other ranges that would be more appropriate, ultimately the sentence that the [c]ourt is going to pronounce . . . is the appropriate sentence." In making that determination, the district court analyzed the § 3553(a) factors as applied to Smith, including the need for deterrence in light of Smith's multiple felonies and misdemeanors, the court's desire to avoid unwanted sentencing disparities among similarly situated defendants, Smith's somewhat stable upbringing, and Smith's role in the crime. The court then determined that 158 months reflected the proper balance. We think that regardless of the guidelines range used for the departure the district court would have chosen the same sentence. *See United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017) ("If the record shows that the district court would have imposed its sentence regardless of the Guidelines range, then an error in calculating the Guidelines range is harmless.").

If the district court had simply departed 22 months from the mandatory minimum of 180 months, it would have arrived at the same sentence that it imposed through a guidelines calculation: 158 months. And the extent of that downward departure for substantial assistance is unreviewable. *Jones*, 417 F.3d at 551 ("Where, as in this case, the district court grants a downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal."). In short, whether by levels or by months, the district court could have reached the same 158-month sentence. So considering that we can't review how much the district court chose to depart and that any procedural error is harmless, we **AFFIRM**.

_____

**CONCURRENCE**

_____

CLAY, Circuit Judge, concurring.  Tyler Smith appeals his below-Sentencing Guidelines 158-month sentence on the basis that it is procedurally unreasonable.  He argues that the district court calculated his Guidelines range incorrectly by choosing as the starting point for departure a higher Guidelines range than he was initially given based on his criminal history category.  He argues that in deciding to grant a two-level downward departure, the district court should have started from the Guidelines range of 151–188 months calculated in the presentence report as corresponding with criminal history category 31–IV, rather than the range corresponding to criminal history category 32–IV, or 168–210 months.

Smith, however, was subject to a mandatory minimum sentence of fifteen years, which made Smith's correct Guidelines range 180-188 months.  The district court granted the government's motion to release the mandatory minimum and decided to depart downward by two levels.  When deciding a sentence after granting a motion for departure from a mandatory minimum sentence pursuant to § 3553(e), the district court is required to use the mandatory minimum sentence as the starting point for calculating any downward departure.  *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002) (noting that where defendant's starting Guidelines range was less than the mandatory minimum and a motion to release the minimum was granted, "the appropriate starting point for the defendant's downward departure was his mandatory minimum sentence").

The district court appropriately determined that the mandatory minimum sentence was the correct starting point for a downward departure.  At sentencing, the district court specifically stated: "I'm looking at starting at 180 to 188."  Tr. Sentencing Hr'g, R. 406, Page ID #2661. Although the district court noted that it would use the Guidelines as a way of calculating the downward departure, it made clear that it understood that its reliance on the Guidelines was discretionary.  Once a district court has identified the mandatory minimum as the starting point, the decision to depart downward by Guidelines levels, months, or by a percentage, is within the

district court's discretion. *See United States v. Sloss*, 665 F. App'x 439, 442 (6th Cir. 2016) (finding no abuse of discretion in district court's decision to reduce defendant's sentence based on a percentage methodology as opposed to the number of months).

The issue in this case is whether the district court abused its discretion by choosing as the starting point the higher of two ranges that each encompass Defendant's statutory mandatory minimum. Because the district court made clear that it was basing its departure on the factors articulated in the statute, the district court committed no procedural error in recognizing that 180 months is the mandatory minimum sentence and then choosing to depart from the higher of two corresponding Guidelines ranges that encompass that mandatory minimum. *See United States v. Diaz*, 546 F.3d 566, 568 (8th Cir. 2008) (determining that district court did not commit a procedural error in selecting the higher of two Guidelines ranges as the starting point for calculating a downward departure where those two Guidelines ranges both encompassed the mandatory minimum). Given that Defendant's issue is with the extent of the departure, and we lack jurisdiction to review the extent of a downward departure, *Stewart*, 306 F.3d at 329, I agree that we must affirm.

———————————

**DISSENT**

———————————

KAREN NELSON MOORE, Circuit Judge, dissenting. Tyler Smith provided substantial assistance to law enforcement. After the government moved for a sentence below Smith's mandatory-minimum sentence and his advisory Sentencing Guidelines range, the district court granted Smith a two-level departure. The district court then applied that departure using an erroneous Guidelines calculation. I believe that the district court's mistake led the court to impose a procedurally unreasonable sentence, and therefore I would vacate Smith's sentence and remand his case for resentencing. Because the majority holds otherwise, I respectfully dissent.

**I.**

At the outset of Smith's sentencing hearing, the district court determined that Smith's adjusted offense level was 31 and that his criminal history category was four. R. 406 (Sent'g Tr. 4–5) (Page ID #2644–45). Ordinarily, that determination would have resulted in a guideline range of 151 to 188 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. But because Smith's conviction under 18 U.S.C. § 841 triggered a mandatory-minimum sentence of 180 months, the district court found that his effective guideline range was 180 to 188 months. R. 406 (Sent'g Tr. at 5) (Page ID #2645); *see* U.S.S.G. § 5G1.1(c). Both parties agreed. R. 406 (Sent'g Tr. at 5) (Page ID #2645).

Citing the substantial assistance Smith provided to law enforcement, the government moved to allow the district court to sentence Smith below his 180-month mandatory minimum pursuant to 18 U.S.C. § 3553(e) and for a guideline departure pursuant to U.S.S.G. § 5K1.1. *Id.* at 5–7 (Page ID #2645–47); R. 292 (Gov't Mot. for Departure at 1) (Page ID #2053). The district court granted a two-level departure. R. 406 (Sent'g Tr. at 20–21) (Page ID #2660–61).

The parties and the district court struggled to apply the departure. Had Smith not been subject to a mandatory minimum, the matter would have been straightforward. Smith's offense level was 31 and his criminal history category was four; to apply the departure, the district court would have reduced either number by two, yielding a guideline range of 121 to 151 months. *See*

U.S.S.G. Ch. 5, Pt. A.  But the mandatory minimum made things more difficult.  As modified by the mandatory minimum, Smith's guideline range was 180 to 188 months.  Because the district court framed its departure in terms of levels, the court needed to convert Smith's guideline range into an offense level and criminal history category before it could apply the departure.  Yet no combination of offense level and criminal history category corresponds to a guideline range of 180 to 188 months.  This meant that the district court could not look for 180 to 188 months in the Guidelines and work backwards to arrive at an offense level and criminal history category.

The parties disputed how the district court should proceed.  The government argued that the district court was "supposed to start at [the] 180 month[] mandatory minimum and go down from there[.]"  R. 406 (Sent'g Tr. at 7) (Page ID #2647).  In the government's view, the closest advisory range to Smith's mandatory minimum that was reflected in the Guidelines was 168 to 210 months because "180 is basically right in the middle" of that range.  *Id.* at 8 (Page ID #2648).  A two-level departure from the offense level or criminal history category corresponding to that range would yield a new range of 135 to 168 months.  *See* U.S.S.G. Ch. 5, Pt. A.  Smith disagreed.  He argued that because his guideline range of 180 to 188 months was subsumed within his original guideline range of 151 to 188 months, the district court should use his initial offense level of 31 and criminal history category of four as the starting point for its departure.  R. 406 (Sent'g Tr. at 21, 23) (Page ID #2661, 2663).  A two-level departure from that offense level or criminal history category would result in a guideline range of 121 to 151 months.  *See* U.S.S.G. Ch. 5, Pt. A.

The district court sided with the government.  Initially, the district court explained that "if we start at 180 to 188 months, which is really, given his scoring, his level, 31 and four, puts him at the tail end of the sentence table spectrum, and even if we go down two levels, that puts him at 151 to 188[.]"  R. 406 (Sent'g Tr at 21) (Page ID #2661).  After Smith noted that a two-level departure from an offense level of 31 and a criminal history category of four would result in a guideline range of 121 to 151 months (not 151 to 188 months), the district court conceded that it had "miscalculated" and clarified that it was "looking at 31, level 31, and if we start off with the guideline range of 180 to 188, that puts him in that range that's 31, five."  *Id.* at 22 (Page ID #2662).  The district court concluded that a two-level departure from that offense level and

criminal history category yielded a final applicable guideline range of 135 to 168 months. *Id.* at 23–24 (Page ID #2663–64). Smith objected to the district court's Guidelines computation, but he was unable to persuade the district court to take a different approach. *Id.* at 24 (Page ID #2664).

The district court concluded the sentencing hearing by explaining the sentence it would impose. Noting that it was required to "make an individualized assessment based on the facts that have been presented," the district court stated that "whether you agree that it[] . . . should be a one-level departure, two-level departure, or four-level departure, the guidelines in the end are advisory[.]" *Id.* at 30 (Page ID #2670). The district court continued that "whether that determination specifically in this case came to the level that we're at or however anyone else wants to determine it in terms of that [guideline] range . . . ultimately the [c]ourt's sentence is where the [c]ourt believes this defendant should be sentenced to[.]" *Id.* Accordingly, the district court concluded, "even if there were other ranges that would be more appropriate, ultimately the sentence that the [c]ourt is going to pronounce, [the court] believes, is the appropriate sentence." *Id.* at 30–31 (Page ID #2670–71). The district court then considered the 18 U.S.C. § 3553(a) factors and sentenced Smith to 158 months' imprisonment. *Id.* at 31–34 (Page ID #2671–74).

## II.

When granting a departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, a district court must use the appropriate "starting point" for the departure. *United States v. Stewart*, 306 F.3d 295, 332 (6th Cir. 2002). From there, the district court may depart based on the "defendant's activities on behalf of the government" as well as any related "contextual considerations." *United States v. Grant*, 636 F.3d 803, 817 (6th Cir. 2011) (en banc). Here, the district court did not use the appropriate starting point for its departure. I would hold that this error led the district court to impose a procedurally unreasonable sentence. The district court also stated that it would impose the same sentence regardless of the starting point based on its view of factors other than Smith's cooperation. I would hold that this statement is insufficient to show that the district court's error was harmless.

**A.**

In cases that involve a mandatory-minimum sentence, the starting point for a departure is determined using § 5G1.1 of the Guidelines, which provides:

> (a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.
>
> (b) Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.
>
> (c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence—
>
>> (1) is not greater than the statutorily authorized maximum sentence, and
>>
>> (2) is not less than any statutorily required minimum sentence.

We have used § 5G1.1 to determine the appropriate starting point for a district court's departure in two distinct factual scenarios. In *Stewart*, we identified the starting point that applies when a mandatory-minimum sentence is greater than the maximum of the applicable guideline range. 306 F.3d at 330–32. Under those circumstances, § 5G1.1 provides that the statutory minimum "shall be the guideline sentence." U.S.S.G. § 5G1.1(b). *Stewart* observed that using a defendant's original guideline range rather than the modified guideline range (*i.e.*, the mandatory minimum) would "afford defendants a double benefit by first permitting them to avoid a higher mandatory minimum sentence and then granting a departure from an even lower sentencing guidelines range," and held that "the appropriate starting point for calculating a downward departure under [§ 3553(e)] is the mandatory minimum sentence itself." 306 F.3d at 332.

In *United States v. Burns*, we addressed the starting point that applies when the mandatory-minimum sentence is lower than the minimum of the applicable guideline range. 409 F. App'x 913, 916–17 (6th Cir. 2011). There, § 5G1.1 provides that the district court may impose a sentence at any point within the applicable guideline range so long as the sentence "is not less than any statutorily required minimum sentence." U.S.S.G. § 5G1.1(c)(2).

Echoing *Stewart*'s double-benefit concern, *Burns* held that the correct starting point for calculating a downward departure in that situation was the guideline range, not the mandatory minimum. 409 F. App'x at 917.

Smith's case falls between *Stewart* and *Burns* and presents an issue of first impression in this circuit. Smith's applicable guideline range was 151 to 188 months and his mandatory minimum was 180 months. His mandatory minimum was therefore neither entirely above (as in *Stewart*) nor entirely below (as in *Burns*) his applicable guideline range. Under § 5G1.1, Stewart's applicable guideline range remained the same but was "restricted" to 180 to 188 months. U.S.S.G. § 5G1.1(c)(2) & cmt. 1. I would hold, consistent with *Stewart* and *Burns*, that the appropriate starting point for a district court's departure in these circumstances is the restricted guideline range. I would further hold that when a district court departs from the restricted range by levels, it must use the offense level and criminal history category that produced that range. Applied here, these holdings would require the district court to begin its departure with a restricted guideline range of 180 to 188 months, an offense level of 31, and a criminal history category of four.

The district court recognized that Smith's guideline range was 180 to 188 months, but the court then increased his criminal history category by one before departing downward by two. *See* R. 406 (Sent'g Tr. at 22) (Page ID #2662). That was error. Smith's mandatory-minimum sentence restricted his applicable guideline range, but it did not lead to an entirely new guideline sentence. *Cf.* U.S.S.G. § 5G1.1(b). And because Smith's applicable range was restricted but not fundamentally changed, the district court should not have assigned Smith a new offense level or a new criminal history category. Both before and after accounting for his mandatory minimum, Smith's offense level was 31 and his criminal history category was four. *See id.* § 5G1.1(c)(2). The district court should have applied the two-level departure to either of those two figures and arrived at an advisory guideline range of 121 to 151 months. *See id.* Ch. 5, Pt. A. By instead increasing Smith's criminal history category from four to five, the district court relied on a higher and incorrect starting point that led the court to conclude with a higher and incorrect end point.

This case is unlike *United States v. Diaz*, 546 F.3d 566 (8th Cir. 2008), and the other cases cited by the government and echoed by the majority. Diaz's guideline range was 70 to 87 months, but his mandatory-minimum sentence was 120 months. *Id.* at 567. Given Diaz's substantial assistance, the government moved for a downward departure pursuant to § 3553(e) and § 5K1.1. *Id.* The parties agreed that the starting point for the district court's departure was Diaz's mandatory-minimum sentence of 120 months. *Id.*; *accord Stewart*, 306 F.3d at 332. Recognizing that "there are two guidelines offense levels that have corresponding sentencing ranges including the statutory minimum of 120 months," the district court determined that the appropriate starting point was the offense "level that had a corresponding sentencing range with a lower end closest to the mandatory minimum." *Diaz*, 546 F.3d at 567. The Eighth Circuit affirmed, holding that the district court's choice of guideline range was not procedural error. *Id.* at 568.

The circumstances of this case are fundamentally different. Because Diaz's mandatory-minimum sentence exceeded his initial guideline range, his mandatory minimum became his guideline sentence. *See* U.S.S.G. § 5G1.1(b). At that point, the district court could not use Diaz's original offense level or criminal history category as the starting point for its departure because neither corresponded to his guideline sentence. As we explained in *Stewart*, using Diaz's original offense level or criminal history category would afford him a "double benefit by first permitting [him] to avoid a higher mandatory minimum sentence and then granting a departure from an even lower sentencing guidelines range." 306 F.3d at 332. The district court therefore had to select between two possible options, and the Eighth Circuit held that choosing to use one option rather than the other was a matter within the district court's discretion. *Diaz*, 546 F.3d at 568. Here, by contrast, Smith's mandatory-minimum sentence of 180 months fell within his applicable guideline range of 151 to 188 months. Thus, unlike in *Diaz*, there was no need to reverse-engineer Smith's offense level or criminal history category or to choose between two guideline ranges.

Nor, contrary to the majority, is this case merely about the district court's methodology. I agree that our decisions do not require district courts to depart by levels, months, or some other measure. *See United States v. Sloss*, 665 F. App'x 439, 442 (6th Cir. 2016). A district court may

grant a departure expressed in terms of offense level or criminal history category before selecting a sentence within the corresponding guidelines range.  Alternatively, a district court may skip that intermediate step and instead grant a departure measured solely in months.  Smith does not challenge the district court's ability to choose among these methods, and this case does not require us to decide whether district courts should use one method or the other.  But we must be careful not to conflate district courts' discretion to select a particular methodology with a right to misapply those methodologies.  Where, as here, a district chooses to depart by levels, the court's failure to calculate properly the defendant's guideline range results in a procedurally unreasonable sentence.  A district court's failure to use the correct starting point for its departure is no less significant because the starting point is expressed in levels rather than months. *Cf. Stewart*, 306 F.3d at 332.

Lastly, it is irrelevant that the district court could have varied upward or that the court could have imposed the same sentence regardless of its Guidelines calculation.  Although the majority hypothesizes that the district court could have found that Smith's untruthfulness during his interviews with law enforcement and his criminal history warranted departing from criminal history category five rather than four, the Guidelines and our case law are more demanding.  A district court must start by correctly working through the Guidelines, *see* U.S.S.G. § 1B1.1; the district court must then begin its departure with the appropriate starting point, *see Stewart*, 306 F.3d at 332; and the district court must conclude by imposing a departure based primarily on the defendant's cooperation and any factors related to that cooperation, *see Grant*, 636 F.3d at 817.  Our job as appellate judges is to ensure that district courts follow this well-defined process, not to develop post-hoc justifications for any errors the district courts have made along the way.

**B.**

The district court's error was not harmless.  "Under the harmless error test, a remand for an error at sentencing is required unless we are certain that any such error was harmless—*i.e.* any such error 'did not affect the district court's selection of the sentence imposed.'" *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (quoting *Williams v. United States,* 503 U.S. 193, 203 (1992)).  The record precludes me from finding that the district court's error was harmless.

As we recently held, a district court's use of an incorrect guideline range "weighs against a finding of harmless error." *United States v. Ziesel*, 38 F.4th 512, 520 (6th Cir. 2022). That is because the Guidelines have a "real and pervasive effect . . . on sentencing." *Molina-Martinez v. United States*, 578 U.S. 189, 199 (2016). Indeed, "when a Guidelines range moves up or down, offenders' sentences move with it." *Peugh v. United States*, 569 U.S. 530, 544 (2013). Here, the district court's use of criminal history category five rather than category four led the court to begin and end with a higher and incorrect guideline range. It is entirely plausible that the district court's error led it to impose a higher sentence than it would have absent the error. After all, the sentence that the district court imposed was seven months higher than the top end of the guideline range that Smith would have faced had the district court used the correct criminal history category, and nothing in the record suggests that the district court intended to impose an upward variance.

The majority and the government nonetheless contend that any such error was harmless because the district court indicated it would impose the same sentence regardless of Smith's guideline range. *See* R. 406 (Sent'g Tr. at 30) (Page ID #2670). In some instances, we have found similar statements made by district courts to be sufficient to demonstrate that an error the district court made during sentencing was harmless. *See United States v. Morrison*, 852 F.3d 488, 492 (6th Cir. 2017). But the logic undergirding those decisions is not persuasive here. Usually, a district court has substantial discretion to consider all relevant information when imposing a sentence. *See Concepcion v. United States*, 142 S. Ct. 2389, 2395–96 (2022). When a district court grants a downward departure, however, it must do so based primarily on factors related to the defendant's substantial assistance. *See Grant*, 636 F.3d at 817; *United States v. Verburg*, 588 F. App'x 434, 444 (6th Cir. 2014). Given that comparatively limited discretion, an error a district court makes when calculating or imposing a departure is less likely to be harmless.

Here, the district court stated that it would impose the same sentence regardless of the starting point for its departure based on the court's evaluation of the § 3553(a) factors. *See* R. 406 (Sent'g Tr. at 30–34) (Page ID #2670–74). Such factors, however, "are secondary, rather than primary, considerations." *Verburg*, 588 F. App'x at 444. The district court did not state,

and thus it is unclear, whether the court would have found that Smith's substantial assistance warranted a sentence lower than 158 months had the court started with a guideline range of 151 to 188 months (rather than 168 to 210 months) and ended with a range of 121 to 151 months (rather than 135 to 168 months). At the very least, I cannot find "with certainty" that the district court's error "did not cause [Smith] to receive a more severe sentence." *United States v. Gillis*, 592 F.3d 696, 699 (6th Cir. 2009). Accordingly, I would hold that the error was not harmless and requires Smith to be resentenced.

## III.

The district court sentenced Smith using an erroneous criminal history category and guideline range. Because I believe that the district court's procedural error requires us to vacate Smith's sentence and remand his case for resentencing, I respectfully dissent.