[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12322
_____

D.C. Docket No. 6:12-cr-00205-RBD-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELADIO MARROQUIN-MEDINA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 1, 2016)

Before HULL, JULIE CARNES and BARKSDALE,[*] Circuit Judges.

HULL, Circuit Judge:

Defendant Eladio Marroquin-Medina appeals the district court's order ruling on his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. Marroquin-Medina's original 72-month sentence represented a downward departure from his advisory guidelines range of 87 to 108 months based on his substantial assistance to the government. The district court applied a 3-level reduction in Marroquin-Medina's offense level in making this downward departure.

In Marroquin-Medina's subsequent §3582(c)(2) proceedings, the district court applied Amendment 782 and recalculated his new advisory guidelines range as 70 to 87 months. The district court then used a percentage-based approach to reduce and determine Marroquin-Medina's new sentence of 58 months. His appeal presents the issue of whether, in § 3582(c)(2) proceedings, a percentage-based approach is the only permissible method of calculating a comparable substantial assistance departure under U.S.S.G. § 1B1.10(b)(2)(B).

---

[*]Honorable Rhesa H. Barksdale, United States Circuit Judge for the Fifth Circuit, sitting by designation.

2

## I.  BACKGROUND

### A.    Conviction and Sentence

In November 2012, Marroquin-Medina pleaded guilty to one count of conspiracy to possess with the intent to distribute and to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(vii) and 846 (Count 1), and one count of conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h) (Count 2).

The presentence investigation report ("PSI") grouped Counts 1 and 2 and recommended a base offense level of 30, pursuant to U.S.S.G. §§ 2S1.1(a)(1), 2D1.1(b)(16), and 2D1.1(c)(4) (the "Drug Quantity Table").  The PSI recommended (1) a 2-level increase under U.S.S.G. § 2S1.1(b)(2)(B) because Marroquin-Medina was convicted under 18 U.S.C. § 1956, and (2) a 3-level reduction under U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility and cooperation with authorities.

With this total offense level of 29 and a criminal history category of I, Marroquin-Medina's advisory guidelines range was 87 to 108 months' imprisonment.[1]

---

[1]Although Count 1 carried a statutory minimum penalty of 120 months' imprisonment, the PSI provided that Marroquin-Medina was eligible for safety valve relief under 18 U.S.C. § 3553(f)(1)-(5), and, therefore, should be sentenced in accordance with the applicable advisory guidelines range without regard to the statutory minimum sentence.

Prior to sentencing, the government filed a motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) based on substantial assistance Marroquin-Medina had provided. At sentencing, the district court granted the government's motion for a downward departure and reduced Marroquin-Medina's total offense level by 3 levels, resulting in a post-departure total offense level of 26. With a total offense level of 26 and a criminal history category of I, Marroquin-Medina's post-departure advisory guidelines range was 63 to 78 months' imprisonment. The district court ultimately sentenced Marroquin-Medina to a total sentence of 72 months' imprisonment. Marroquin-Medina did not appeal his convictions or his sentence.

**B.     Section 3582(c)(2) Motion for Sentence Reduction**

In April 2015, Marroquin-Medina filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. Amendment 782 reduced the offense levels in U.S.S.G. § 2D1.1(c)'s Drug Quantity Table by 2 levels, which reduced the base offense level for most drug offenses. See U.S.S.G. app. C, amend. 782.

Under the new Drug Quantity Table, Marroquin-Medina's amended total offense level became 27, which meant that his amended guidelines range became 70 to 87 months' imprisonment. Because the district court previously departed downward under § 5K1.1 from his original advisory guidelines range due to his

4

substantial assistance, Marroquin-Medina argued that the court should again depart downward from his amended guidelines range to a degree comparable to the original § 5K1.1 departure.

Marroquin-Medina argued that the district court had discretion to exercise various methods for determining what constituted a "comparable" downward departure. Marroquin-Medina asked the district court to exercise its discretion and use a "level-based approach" to determine the degree of its downward departure.

According to Marroquin-Medina, under a "level-based approach," the district court would reduce his amended total offense level of 27 by 3 levels, just as it had done for the § 5K1.1 departure at his original sentencing. With a post-departure total offense level of 24 and a criminal history category of I, Marroquin-Medina's post-departure amended guidelines range would be 51 to 63 months' imprisonment. Marroquin-Medina requested a reduced sentence of 51 months' imprisonment, which was at the bottom end of his post-departure amended guidelines range, as calculated using an offense-level-based approach.

In response, the government agreed that Amendment 782 warranted a reduction in Marroquin-Medina's sentence, and that, under the new Drug Quantity Table, his total offense level was 27 and his amended guidelines range was 70 to 87 months' imprisonment. The government further agreed that a "comparable" § 5K1.1 departure from Marroquin-Medina's amended guidelines range was

5

appropriate.  However, the government argued that the Sentencing Guidelines Application Notes underlined required that the district court use only a "percentage-based approach" to determine the degree of its departure.

According to the government, under a "percentage-based approach," the district court would depart downward from the bottom end of the amended guidelines range by the same percentage it had departed downward under § 5K1.1 from the bottom end of the original guidelines range.  The government argued that Marroquin-Medina's original 72-month sentence reflected a 17% downward departure from the bottom end of his original advisory guidelines range of 87 to 108 months.  The government asked the court to comparably reduce Marroquin-Medina's sentence by 17% from the bottom end of his amended guidelines range of 70 to 87 months, which would result in to 58-month sentence.

In a May 20, 2015 order, the district court granted Marroquin-Medina's motion for a sentence reduction.  The district court acknowledged Marroquin-Medina's request that it employ an offense-level-based approach to determine the appropriate degree of departure from the amended guidelines range.  The district court also acknowledged the government's contention that the court "must use the 'percentage-based approach,'" and the district court then did so. (emphasis added).  The district stated, "Upon consideration of USSG § 1B1.10(b)(2)(B), the Court agrees with the Government and will apply a 17% reduction from the bottom of the

amended guideline range, resulting in a term of imprisonment of 58 months."
Accordingly, the district court reduced Marroquin-Medina's sentence to 58 months.

Marroquin-Medina has appealed from the district court's imposition of the 58-month sentence, contending that the district court's belief that it lacked discretion to employ a method other than the percentage-based approach to calculate his comparable substantial assistance reduction constitutes procedural error.

## II.  DISCUSSION

### A.    Standard of Review

We review <u>de novo</u> the district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2).  <u>United States v. Colon</u>, 707 F.3d 1255, 1258 (11th Cir. 2013).  Likewise, we review <u>de novo</u> the district court's interpretation of the Sentencing Guidelines.  <u>United States v. Fulford</u>, 662 F.3d 1174, 1177 (11th Cir. 2011).  In interpreting the Guidelines, this Court begins by looking to the language of the Guidelines, considering both the Guidelines themselves and the commentary, and giving that language its ordinary and plain meaning.  <u>Id.</u>

**B.    Departures under U.S.S.G. § 5K1.1**

The Sentencing Guidelines contain a number of departure provisions. Among them is § 5K1.1, which allows a departure from the advisory guidelines range "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another."  U.S.S.G. § 5K1.1  "Because § 5K1.1 is silent as to the methodology to be used in determining the extent of a substantial assistance departure, the government has discretion in recommending a methodology, and the district court has discretion in deciding what methodology to use once it grants a motion for departure."  United States v. Hayes, 762 F.3d 1300, 1303 (11th Cir. 2014).  These methodologies include offense-level-based reductions, month-based reductions, and percentage-based reductions.  Id. at 1303-04.  A district court has discretion to use any of these methodologies and to determine how much to depart when granting a § 5K1.1 motion.

**C.    Section 3582(c)(2) and its Relevant Policy Statement**

Section § 3582(c)(2) provides that, where a defendant was sentenced to a term of imprisonment based on a sentencing range that subsequently was lowered by the Sentencing Commission though amendment, the district court "may" reduce the defendant's sentence if such a reduction is consistent with the Sentencing Commission's applicable policy statements.  18 U.S.C. § 3582(c)(2).  The

8

applicable policy statement is found at U.S.S.G. § 1B1.10.  To determine the extent of a reduction in the defendant's term of imprisonment under § 3582(c)(2), the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).

Under § 1B1.10(b)(2)(A), district courts in § 3582(c)(2) proceedings are generally prohibited from reducing the defendant's sentence to a term that is less than the bottom end of his amended guidelines range.  Id. § 1B1.10(b)(2)(A); Colon, 707 F.3d at 1259 ("The Commission amended § 1B1.10(b)(2) . . . to prohibit § 3582(c)(2) reductions below a prisoner's amended guidelines range . . . ."); United States v. Smith, 568 F.3d 923, 929 (11th Cir. 2009) ("The district court was bound by the policy statement contained in U.S.S.G. § 1B1.10(b)(2)(A) that, in considering an 18 U.S.C. § 3582(c)(2) motion, it may not reduce a sentence below the amended guideline range.").

However, § 1B1.10(b)(2)(B), titled "Exception for Substantial Assistance," provides a limited exception to that general bottom-end restriction, stating:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate.

9

Id. § 1B1.10(b)(2)(B) (emphasis added).  Expressly included within this limited

exception are only government substantial assistance motions under U.S.S.G.

§ 5K1.1, 18 U.S.C. § 3553(e), and Rule 35(b) of the Federal Rules of Criminal

Procedure.  See id. § 1B1.10 cmt. n.3; United States v. Liberse, 688 F.3d 1198,

1201 (11th Cir. 2012).

Downward variances are not included in this limited exception.  See

U.S.S.G. § 1B1.10(b)(2)(B) (providing an exception to this limitation only for "a

government motion to reflect the defendant's substantial assistance"); see also

United States v. Taylor, ___ F.3d ___, No. 15-5930, 2016 WL 860340, at *3-4 (6th

Cir. Mar. 7, 2016) (holding that a § 3582(c)(2) movant who originally received a

below-guidelines sentence attributable to both a substantial assistance departure

and a non-assistance variance was only eligible for a reduction comparable to the

proportion attributable to her substantial assistance departure).  If a district court

exercises its discretion to apply a comparable reduction to a § 3582(c)(2) movant's

amended guidelines range, that reduction may only account for a prior substantial

assistance departure from the original guidelines range, and may not account for a

downward variance from the same.

Thus, where the district court previously departed downward from the

defendant's original advisory guidelines range under U.S.S.G. § 5K1.1 due to the

defendant's substantial assistance to the government, the court in a § 3582(c)(2)

proceeding "<u>may</u>" depart downward from the defendant's amended guidelines range to a degree comparable to the original § 5K1.1 departure.  <u>See</u> U.S.S.G. § 1B1.10(b)(2)(B); <u>see also</u> <u>Liberse</u>, 688 F.3d at 1201.  While there is no requirement that the district court must depart again, it may apply "a reduction comparably less than the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(B).

The Application Notes to § 1B1.10 provide the following examples of how subsection (b)(2)(A) applies and then how subsection (b)(2)(B) as "an exception" would apply:

> [Under subsection (b)(2)(A),] in a case in which: (A) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (B) the term of imprisonment imposed was 70 months; and (C) the amended guideline range determined under subsection (b)(1) is 51 to 63 months, the court may reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.
>
> . . . .
>
> Subsection (b)(2)(B) provides an exception to this limitation . . . . In such a case, the court may reduce the defendant's term, but the reduction is not limited by subsection (b)(2)(A) to the minimum of the amended guideline range.  Instead, as provided in subsection (b)(2)(B), the court may, if appropriate, provide a reduction comparably less than the amended guideline range.  Thus, if the term of imprisonment imposed in the example provided above was 56 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing), a reduction to a term of imprisonment of 41 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline

range) would amount to a comparable reduction and may be appropriate.

U.S.S.G. § 1B1.10 cmt. n.3.  The Application Notes go on to state, "Subject to these limitations, the sentencing court has the discretion to determine whether, and to what extent, to reduce a term of imprisonment under this section."  Id.

With this background we turn to what method a district court may use to make a comparable substantial assistance reduction.

### D.    Calculating Substantial Assistance Departures in § 3582(c)(2) Proceedings

Where a district court exercises its discretion to apply a comparable substantial assistance reduction in a § 3582(c)(2) proceeding, this Court has never addressed whether the Application Notes to U.S.S.G. § 1B1.10 require the district court to employ only the percentage-based approach.  For several reasons, we conclude that the district court may apply the percentage-based approach outlined in the Application Notes to U.S.S.G. § 1B1.10, but that is not the only permissible approach to determine a comparable reduction under § 1B1.10(b)(2)(B).

First, the plain language of § 1B1.10(b)(2)(B) does not require a district court to employ any particular methodology to calculate the extent of a comparable substantial assistance reduction.  Rather, § 1B1.10(b)(2)(B) simply provides that "a reduction comparably less than the amended guideline range . . . may be appropriate," but remains silent regarding the methodology used to determine what

constitutes a "comparably less" reduction.  U.S.S.G. § 1B1.10(b)(2)(B).  Thus, the plain language of the relevant policy statement does not explicitly impose a restriction on the method used to determine a comparable reduction.  This omission is noteworthy given that district courts have substantial discretion to employ various methodologies for calculating the degree of a § 5K1.1 departure in the original sentencing proceedings.  See Hayes, 762 F.3d at 1303.

Second, we do recognize that Application Note 3 contains an illustration that uses the percentage-based approach as an example of a proper method for calculating a comparable substantial assistance reduction.  However, Application Note 3 does not state that a percentage-based approach is the only permissible method for calculating a comparable reduction.  Nor does it preclude the use of other methods.  Rather, it simply states that a reduction of a similar percentage "would amount to a comparable reduction and may be appropriate."  U.S.S.G. § 1B1.10 cmt. n.3. (emphasis added).

Third, the overall context of Application Note 3 supports our conclusion.  In the example contained in Application Note 3, the Sentencing Commission implies that the district court used a percentage-based approach to calculate the degree of its original § 5K1.1 departure.  See id. § 1B1.10 cmt. n.3 (noting that the original sentence "represent[ed] a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range").  It makes sense, then, that

13

the Sentencing Commission would point out that employing the percentage-based approach again in a subsequent § 3582(c)(2) proceeding would result in a comparable reduction. This does not mean, however, that the Sentencing Commission believes that the percentage-based approach is the only permissible method of calculating a comparable reduction in a § 3582(c)(2) proceeding. The government is flatly wrong in its restrictive reading of Application Note 3.

Ultimately, Application Note 3 serves as a non-exhaustive example of one reasonable method that may be used to calculate the degree of a substantial assistance reduction from an amended guidelines range. See id. § 1B1.10 cmt. nn. 3-4. In other words, while the percentage-based approach is a reasonable method, it is not the only reasonable method for calculating a comparable reduction.

The government argues that the phrase "[s]ubject to these limitations" in Application Note 3 indicates that the percentage-based example is meant to limit the court's discretion to only that method. Reading that phrase in context, however, it appears that the "limitations" to which it refers are: (1) the limitation in § 1B1.10(b)(2)(A) that courts ordinarily "shall not reduce" the defendant's sentence to a term less than the bottom end of the amended guidelines range—to which § 1B1.10(b)(2)(B) is an exception—and (2) the limitation in § 1B1.10(b)(2)(C) that the defendant's term may not be reduced below time served. See U.S.S.G. § 1B1.10 cmt. n.3. Thus, the phrase "[s]ubject to these

14

limitations," when read in conjunction with the remainder of Application Note 3, does not suggest that the percentage-based example provided is intended to constrain the court's discretion.  See id.

In sum, U.S.S.G. § 1B1.10(b)(2)(B) grants the sentencing court in a § 3582(c)(2) proceeding the discretion to comparably reduce a defendant's sentence where that defendant previously received a § 5K1.1 departure at his original sentencing.  The sentencing court "may" make a comparable substantial assistance reduction but is not required to make one at all.  If a sentencing court chooses to exercise its discretion and make a comparable reduction, it is not bound to use the percentage-based approach—or any one specific method—to calculate the comparable reduction.  Rather, the court may use any of the reasonable methods that were available to calculate the original § 5K1.1 departure, so long as they result in a comparable reduction.  The court is not required to use the same method again.  But where the sentencing court in a § 3582(c)(2) proceeding employs the same methodology to calculate a reduction that it employed when calculating the degree of the original § 5K1.1 departure, the sentencing court's calculations will usually result in a comparable reduction for the purposes of § 1B1.10(b)(2)(B).

### E.    Application to Marroquin-Medina's Appeal

By agreeing with the government's position that it "must" use a percentage-based approach to calculate the degree of Marroquin-Medina's comparable reduction, it is evident that the district court did not believe that it had discretion to use a method other than the percentage-based approach.  In light of our holding, the district court's mistaken belief about the limitation of its discretion constitutes procedural error.  The district court did not state, hint, or suggest that it would still sentence Marroquin-Medina to 58 months, regardless of the method used, or that there were any reasons for the 58-month sentence other than a percentage-based substantial assistance reduction.  Thus, the procedural error here was not harmless.

That said, nothing in this opinion should be construed as a substantive criticism of the percentage-based approach employed by the district court.  The district court did not err by employing an unreasonable methodology.  Rather, it erred by incorrectly concluding that the percentage-based approach was the only permissible method of calculating a comparable reduction under § 1B1.10(b)(2)(B).  On remand, the district court may very well employ the exact same percentage-based approach to calculate the comparable reduction applicable to Marroquin-Medina's amended sentence, should it so choose.  However, it must not do so under the incorrect assumption that other reasonable methods, such as Marroquin-Medina's offense-level-based approach, are legally foreclosed from

16

consideration.  Moreover, whatever method the district court chooses, it must result in a <u>comparable</u> reduction.

### III.  CONCLUSION

In light of the foregoing, we vacate the district court's May 20, 2015 order and remand this case to the district court for resentencing under 18 U.S.C. § 3582(c)(2).  Nothing herein should be read as expressing any opinion as to the appropriate final amended sentence.

**VACATED AND REMANDED.**