[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12466

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSE TEODORO DELGADO-PACHAY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00331-WFJ-UAM-2

————————————————

Before JILL PRYOR, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Teodoro Delgado-Pachay appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). He argues that the district court abused its discretion in denying his motion because it penalized him for receiving a downward departure for substantial assistance at his original sentencing. Delgado-Pachay further contends that the district court erred because it considered only information presented during the original sentencing proceedings. We reject both arguments and affirm.

**I.**

Delgado-Pachay was part of "a large transnational maritime smuggling operation involving over 2,600 pounds of cocaine" and "millions of dollars in contraband." He pleaded guilty to conspiring to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States. *See* 46 U.S.C. §§ 70503(a), 70506(a) & (b); 21 U.S.C. § 960(b)(1)(B)(ii).

With a total offense level of 33 and a criminal history category of I, Delgado-Pachay had a guidelines imprisonment range of 135 to 168 months. At sentencing, the government asked the district court for a two-level downward departure for Delgado-Pachay's proffer of "truthful information" to the government. *See* U.S.S.G. § 5K1.1; 18 U.S.C. § 3553(e). The government asked for a

sentence at the "lower end of the guideline range." The district court granted a three-level reduction due to Delgado-Pachay's "sincerity here and the effectiveness of [his] counsel." That departure resulted in a guidelines range of 97 to 121 months' imprisonment, and the district court imposed a 97-month sentence.

The probation office later reported that Delgado-Pachay was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines because he had zero criminal history points, met the criteria established in section 4C1.1 of the Sentencing Guidelines, and the district court had previously departed downward. Delgado-Pachay filed an unopposed motion seeking a sentence reduction from 97 months to 78 months. He argued that he "deserve[d] the benefit of his substantial assistance" and that "he has done well during his incarceration," having received "only one disciplinary report for receiving a tattoo."

The district court acknowledged that Delgado-Pachay was eligible for a reduction, but it "exercise[d] its discretion to deny such a reduction." The district court expressed that its "discretion" was "guided by the sentencing factors in 18 U.S.C. § 3553(a)." The district court observed that Delgado-Pachay had already received a 38-month sentence reduction based on a three-level departure at sentencing. The district court then found that the "nature and circumstances" of the offense—"a large transnational maritime smuggling operation involving over 2,600 pounds of cocaine" and "many millions of dollars in contraband"—"counsel[ed] against

further reduction." 18 U.S.C. § 3553(a)(i). The district court also concluded that a further reduction would also "impair general deterrence" and "fail fully to reflect the seriousness of the offense or promote respect for the law." *Id.* § 3553(a)(2)(B) & (2)(A).

Delgado-Pachay appeals the denial of his motion for a sentence reduction.

## II.

We review the decision to grant or deny an eligible defendant's request for a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009).

Courts must follow a two-step inquiry to evaluate a motion for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). Only the second step matters for this appeal. At that step, the court must consider whether a sentence reduction would be consistent with the applicable policy statement, the 18 U.S.C. § 3553(a) factors, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." *Id.* at 827; U.S.S.G. § 1B1.10, comment n.1(B)(i) & (ii).

### III.

#### A.

First, the district court did not weigh Delgado-Pachay's downward departure against him in denying his request for a sentence reduction. No one disputes that Delgado-Pachay was eligible for a sentence reduction under Part B of Amendment 821. Delgado-Pachay contests the way the district court "exercise[d] its discretion to deny such a reduction."

Generally, "[t]he discretion federal judges hold at initial sentencings also characterizes sentencing modification hearings." *Concepcion v. United States*, 597 U.S. 481, 492 (2022). When considering a sentence reduction, the district court need only "make clear" that it considered the parties' arguments, with no "detailed explanation" necessary and no more than a "brief statement of reasons" required to account for the court's decision. *Id.* at 501. Where consideration of the section 3553(a) factors is mandatory, district courts need not address each of the section 3553(a) factors or all mitigating evidence. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021).

Delgado-Pachay's argument rests on the fact that he had "already received a bottom guideline sentence after a 3-point departure" at his initial sentencing due to his cooperation. As he sees it then, the failure to resentence him to the bottom end of a new set of guidelines he was eligible for under Amendment 821 was a "penalty." But a district court "has the discretion to decide whether to

re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline." *United States v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998); *see also United States v. Marroquin-Medina*, 817 F.3d 1285, 1292 (11th Cir. 2016) ("The sentencing court 'may' make a comparable substantial assistance reduction but is not required to make one at all."). The district court did not abuse its discretion when it weighed the section 3553(a) factors in the light of Delgado-Pachay's offense and determined that his sentence was already low enough.

### B.

Second, the district court had no obligation to consider Delgado-Pachay's post-offense conduct. In considering section 3582(c)(2) motions, district courts "may" consider a defendant's post-conviction conduct, but the decision of whether to reduce a defendant's sentence lies within the sound discretion of the district court. *United States v. Williams*, 557 F.3d 1254, 1256–57 (11th Cir. 2009).

### IV.

We **AFFIRM**.