[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12328

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OSCAR DAVID FRANCO-CONSTANTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00548-WFJ-SPF-1

_____

Before JORDAN, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Oscar David Franco-Constante appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He argues that the district court abused its discretion in denying the motion. After careful review, we affirm.

## I.

This case arises out of an incident when the United States Coast Guard stopped a stateless vessel sailing in international waters in the Pacific Ocean. While the Coast Guard pursued the stateless vessel, its crew members, including Franco-Constante, threw bales of cargo into the ocean. The Coast Guard recovered bales that contained more than 1,000 kilograms of cocaine, worth approximately $30 million. Franco-Constante subsequently pleaded guilty to conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. *See* 46 U.S.C. §§ 70503(a), 70506(a)–(b); 21 U.S.C. § 960(b)(1)(B)(ii).

Before sentencing, a probation officer prepared a presentence investigation report ("PSR"). The PSR reported that Franco-Constante's total offense level was 33 and that his criminal history category was I, which yielded a guidelines range of 135 to 168 months' imprisonment. The government requested a two-level downward departure because Franco-Constante provided substantial assistance to the government. *See* U.S. Sent'g Guidelines

24-12328                  Opinion of the Court                          3

Manual § 5K1.1; 18 U.S.C. § 3553(a). Franco-Constante sought a greater downward departure and asked the court to impose a sentence of 70 months' imprisonment.

At the sentencing hearing, the district court adopted the PSR's guidelines calculations. It then granted a four-level downward departure based on Franco-Constante's substantial assistance, which resulted in a guidelines range of 87 to 108 months' imprisonment. The court ultimately imposed a 94-month sentence.

In November 2023, the Sentencing Commission issued Amendment 821, which, among other things, added to the Sentencing Guidelines a provision that decreased a defendant's offense level by two levels when he had no criminal history points and satisfied certain other criteria. U.S.S.G. amend. 821; *see id.* § 4C1.1. The Sentencing Commission made this portion of Amendment 821 retroactive. *See id.* § 1B1.10(d).

After Amendment 821 went into effect, the probation office notified the court that Franco-Constante, who was assigned zero criminal history points at sentencing, was eligible for a reduction. Franco-Constante, through counsel, filed an unopposed motion seeking to reduce his sentence to 75 months. He explained that under Amendment 821, his total offense level would be 31, and his amended guidelines range would be 108 to 135 months' imprisonment. He then requested that the court apply a four-level downward departure for substantial assistance and impose a sentence within the range of 70 to 87 months.

He argued that the sentencing factors set forth in 18 U.S.C. § 3553(a)[1] supported a reduction. He pointed out that he had no criminal history and had provided substantial assistance to the government. He also asked the court to consider his behavior since his sentencing. He stated that he had "done well during his incarceration," noting that he had completed educational classes and received "only one disciplinary report for possessing a cell phone." Doc. 126 at 3.[2]

The district court denied Franco-Constante's motion. It acknowledged that he was eligible for a reduction but, after considering the § 3553(a) factors, it "exercise[d] its discretion to deny such a reduction." Doc. 128 at 3. It noted that he had "previously received a significant downward departure" and concluded that any further reduction to the sentence "would drop it below that level necessary to comply with the purposes of sentencing." *Id.* The

---

[1] Under § 3553(a), a district court is required to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

[2] "Doc." numbers refer to the district court's docket entries.

court emphasized the seriousness of Franco-Constante's conduct, stating that he had participated in a "significant Colombian marine smuggling venture involving well over a ton of pure cocaine, transported far out into the Pacific Ocean," and that when the Coast Guard tried to stop the vessel, he had "jettison[ed] cargo." *Id.* The court determined that the following § 3553(a) factors supported its decision not to reduce the sentence: the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment, and the need to promote deterrence.

Franco-Constante appeals the denial of his motion for a sentence reduction.

## II.

We review for abuse of discretion a decision denying an eligible defendant's request for a sentence reduction. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). A district court abuses its discretion if it "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (internal quotation marks omitted).

## III.

A district court has no inherent authority to modify a defendant's sentence; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir.

2015). A federal statute authorizes a district court to reduce a defendant's sentence when he "has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission" so long as the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In a policy statement, the Commission has directed that a sentence reduction is permissible under § 3582(c)(2) only when the amendment that lowered the defendant's guidelines range is listed at § 1B1.10(d). U.S.S.G. § 1B1.10(a).

A district court must follow a two-step process to evaluate a motion for a sentence reduction under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court must determine "the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. Second, the court considers the relevant § 3553(a) factors to determine whether to exercise its discretion to grant a reduction. *Id.*

When considering eligibility at step one, the court must make sure that a sentence reduction would be consistent with § 1B1.10 by verifying that the Commission included the relevant amendment in § 1B1.10(d)'s list of amendments that apply retroactively. *Id.* It also must determine the extent of a reduction authorized under § 1B1.10. *Id.* To make this determination, the court must calculate "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (internal quotation

marks omitted). Importantly, the court substitutes "only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced" and "leave[s] all other guideline application decisions unaffected." *Id.* (internal quotation marks omitted). The Commission has directed that in most cases, a court may not reduce a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2). But a court may impose a sentence below the amended guidelines range when the "sentencing court originally imposed a term of imprisonment below the" range. *Dillon*, 560 U.S. at 827.

At the second step, the district court weighs the § 3553(a) factors. At this step, "[t]he district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (internal quotation marks omitted). Further, the weight given to each factor is within the district court's sound discretion, and it may attach great weight to one factor over the others. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). And in deciding whether to exercise its discretion, a district court may consider the defendant's post-sentencing conduct. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017). When considering a sentence reduction, a district court need only "make clear" that it considered the parties' arguments; no "detailed explanation" is required. *Concepcion v. United States*, 597 U.S. 481, 501 (2022).

Here, we are considering whether the district court abused its discretion when it denied Franco-Constante's motion for a sentence reduction based on Amendment 821. As an initial matter, the district court correctly concluded that he was eligible for a sentence reduction under Amendment 821, which decreases a defendant's offense level when he has no criminal history points, and which applies retroactively. *See* U.S.S.G. §§ 1B1.10(d), 4C1.1.

We conclude that the district court did not abuse its discretion in declining to grant a reduction here. Given the seriousness of the offense, in which Franco-Constante participated in an international operation that involved trafficking over one ton of cocaine worth more than $30 million, we cannot say that the district court abused its discretion when it concluded that a 94-month sentence was reasonable.

Franco-Constante nevertheless asserts that the district court abused its discretion because it "weigh[ed]" the four-level downward departure that he received for substantial assistance against him when it denied his motion for a sentence reduction. Appellant's Br. 9. We disagree. The court's order shows that in reviewing the motion for a sentence reduction, it considered the § 3553(a) factors. And in deciding whether to grant a reduction, the court had "discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline." *United States v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998); *see also United States v. Marroquin-Medina*, 817 F.3d 1285, 1292 (11th Cir. 2016)

(explaining that when deciding whether to exercise its discretion and award a sentence reduction under § 3582(c)(2), a "sentencing court 'may' make a comparable substantial assistance reduction but is not required to make one at all"). Accordingly, the district court did not abuse its discretion when it weighed the § 3553(a) factors and determined that a shorter sentence would be unreasonable, even though it applied a downward departure for substantial assistance at the original sentencing.

Franco-Constante also argues that the district court abused its discretion because it failed to consider evidence of his rehabilitation since sentencing. When considering a § 3582(c)(2) motion and deciding whether to exercise its discretion to reduce a sentence, a district court "may," but is not required to, consider a defendant's post-conviction conduct. *Pepper v. United States*, 562 U.S. 476, 481 (2011); *see Doyle*, 857 F.3d at 1121 (explaining that "what consideration, if any, to give to [a movant's] post-sentencing rehabilitation" is "up to the district court"). Even if we assume that the district court failed to consider the evidence of Franco-Constante's rehabilitation, we cannot say that the district court abused its discretion.

Franco-Constante asserts that the district court abused its discretion for one final reason: it failed to undertake an individualized assessment in considering his § 3582(c)(2) motion. He says that the court did not perform an individualized assessment because the same district judge used substantially similar reasoning in denying other § 3582(c)(2) motions based on Amendment 821. After

reviewing the district court's similar decisions in other cases, we conclude there was no error here. The district court's order discussed the specific facts of Franco-Constante's case, including how Coast Guard officers pursued his vessel and witnessed him throw bales of cocaine into the ocean. The district court's examination of these factual details shows that it performed an individualized assessment.

Accordingly, we affirm the district court's denial of Franco-Constante's motion for a sentencing reduction.

**AFFIRMED.**