**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13729

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CARLOS ADRIAN PLAZA ESTACIO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00203-WFJ-CPT-2

_____

Before JILL PRYOR, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Carlos Estacio appeals the District Court's denial of his motion to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. We hold that the District Court abused its discretion in denying Estacio's motion because it failed to consider the Sentencing Commission's policy statements and based its determination that the § 3553(a) factors weigh against relief on clearly erroneous factual findings.

## I. Background

In 2017, a United States Coast Guard maritime patrol aircraft ("MPA") observed a go-fast vessel ("GFV") approximately 627 nautical miles south of Huatulco, Mexico, traveling north with bales of cocaine on the deck. When the crew of the GFV, which included Estacio and two other people, detected the MPA, they jettisoned their cargo. The Coast Guard launched two vessels—one crew searched the debris field while the other boarded and took control of the GFV. The Coast Guard was unable to recover any of the jettisoned cocaine. While Ionscan swipes of the GFV detected the presence of cocaine, the Coast Guard did not recover any contraband from the GFV. A video recording of the GFV crew discarding their cargo reveals that the crew jettisoned an estimated 200 to 220 kilograms of cocaine.

Estacio was indicted on one count of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the

United States (Count One)[1] and one count of possessing with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count Two).[2] Pursuant to a written plea agreement, Estacio pleaded guilty to Count One. The District Court dismissed Count Two.

Prior to sentencing, the probation officer calculated a base offense level of 36 for an offense involving between 150 and less than 450 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(c)(2). The probation officer then applied a two-point enhancement because Estacio was the captain of the vessel, *see* U.S.S.G. § 2D1.1(b)(3)(C), and a two-point reduction because Estacio meets the criteria set out in the safety valve provision, *see* U.S.S.G. §5C1.2. Finally, the probation officer applied a three-point reduction based on Estacio's acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) and (b). Given Estacio's total offense level of 33 and criminal history score of zero, which yields a criminal history category of I, the Guidelines range was 135 to 168 months' imprisonment.

Prior to sentencing, the Government moved for a two-level reduction in Estacio's total offense level under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) to reflect Estacio's provision of substantial

---

[1] In violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

[2] In violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

assistance to the government.[3] The Court granted the Government's motion and imposed a downward-departure sentence of 108 months' imprisonment and five years' supervised release.

In June 2024, a probation officer filed a memorandum stating that Estacio is eligible for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines because he is a zero-point offender. The probation officer explained that, based on the new offense level of 31 and criminal history category of I, Estacio's amended Guidelines range is 108 to 135 months. Then, applying the same two-level downward departure that the District Court originally applied based on substantial assistance, the probation officer calculated a new effective Guidelines range of 87 to 108 months.

Estacio filed an unopposed motion for sentence reduction pursuant to § 3582(c)(2) based on Amendment 821 and U.S.S.G. § 1B1.10. After noting that the probation officer confirmed Estacio's eligibility for a sentence reduction, the District Court denied the motion based on the "the sentencing factors in 18 U.S.C. § 3553(a)." The District Court stated that Estacio "already got a downward departure and a 'bottom end' sentence." The Court then stated that Estacio's smuggling operation had "benefitted from jettisoning cocaine into the ocean as part of obstructive conduct" and that Estacio's "guidelines were lower because the cargo

---

[3] Estacio provided truthful and timely information and was available to testify against his co-defendant. Estacio's assistance resulted in the resolution of the co-defendant's case.

in part was not recovered." The Court reasoned that "to reduce the sentence further would not properly 'reflect the seriousness of the offense' or 'promote respect for the law.'" Finally, the Court concluded that "the sentences courts impose (and the sentences courts reduce) have an effect upon deterrence and deterrence would be impaired by this proposed reduction."

Estacio timely appeals. He argues that the District Court abused its discretion because its decision to deny his motion for a sentence reduction was inconsistent with the Sentencing Commission's policy statements, did not adequately consider the § 3553(a) factors, and relied on erroneous information.

## II. Standard of Review

In § 3582(c)(2) proceedings, we review statutory interpretation questions and legal conclusions de novo. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "If § 3582(c)(2) applies, we review a district court's decision to grant or deny a sentence reduction only for abuse of discretion." *Id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making its determination, or makes clearly erroneous factual findings." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

## III. Discussion

A district court may modify a criminal sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" and made retroactive by the Sentencing Commission. 18 U.S.C.

§ 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010) (citing 28 U.S.C. § 994(o), (u)). In applying § 3582(c)(2), the district court undertakes a two-step process. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1248 (11th Cir. 2017). At step one, "the district court must determine if the defendant is eligible for relief"—that is, whether the retroactive Guidelines lower the defendant's applicable Guidelines range. *Id.* If the defendant is eligible for a sentence reduction, the court moves to step two. At step two, the court decides whether a reduction is warranted considering the applicable § 3553(a) factors as well as any relevant policy statements issued by the Sentencing Commission. *See Caraballo-Martinez*, 866 F.3d at 1248; *Dillon*, 560 U.S. at 821, 130 S. Ct. at 2688 ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission.").

Here, the District Court abused its discretion in applying the § 3553(a) factors because it based its analysis on clearly erroneous facts and omitted key facts that require consideration. The District Court recited the following facts as reasons for its denial of Estacio's motion:

> Movant already got a downward departure and 'bottom end' sentence. Here, the large cocaine smuggling operation, captained by Movant, benefitted from jettisoning cocaine into the ocean as part of obstructive conduct. Movant's guidelines were lower because the cargo in part was not recovered.

But these statements are not supported by the record and the District Court's reliance on them constitutes an abuse of discretion.

First, the District Court correctly states that Estacio received a downward departure in his original sentence but omits the fact that the departure was based on the substantial assistance Estacio provided to the Government. We recognize that the District Court is not required to apply the same downward departures that Estacio received at his original sentence. *United States v. Marroquin-Medina*, 817 F.3d 1285, 1292 (11th Cir. 2016) (explaining that, in a § 3582(c)(2) proceeding, "[t]he sentencing court 'may' make a comparable substantial assistance reduction but is not required to make one at all"). But there is no reason why the District Court should weigh the defendant's substantial assistance departure *against* the application of a sentence reduction. Indeed, the Sentencing Commission's policy statement specifically carves out substantial assistance as an exception to the general rule that the court should not reduce a sentence below the amended Guidelines range.[4] That

---

[4] The Sentencing Commission's relevant policy statement provides:

    (2) Limitation and Prohibition on Extent of Reduction.—

        (A) Limitation.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

        (B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable

policy statement reflects the Commission's view that substantial assistance departures are in a special category of departures that may be preserved through a sentence reduction. Here, the District Court gives no indication that it considered the substantial assistance. It mentions the downward departure, but fails to explain why the substantial assistance departure was appropriate in the first round of sentencing but is now inappropriate in light of Amendment 821.

Second, the District Court states that Estacio "benefitted from jettisoning cocaine into the ocean as part of obstructive conduct" and "Movant's guidelines were lower because the cargo in part was not recovered." These statements are false. The undisputed record reveals that Estacio and his crew jettisoned *all* the cargo and *none* was recovered. The District Court implies that Estacio's Guidelines range was lower than it should have been because the full amount of cocaine was not reflected in the PSI calculation. But that is not true. The PSI assumes an offense involving at least 150 but less than 450 kilograms of cocaine. The probation office used that range because video shows the GFV crew

---

to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10.

24-13729                 Opinion of the Court                 9

discarding an estimated 200 to 220 kilograms of cocaine into the ocean. There is no evidence to suggest that the estimate was inaccurate or, even if it was, that the amount of cocaine was actually higher than was estimated. If the District Court doubts the estimate, it could just as easily conclude that the actual amount of cocaine was lower than was estimated. But the evidence shows that the original sentence was based on a presumably accurate estimation of the amount of cocaine on the boat. The District Court has no need to rely on conjecture, particularly when neither party disputes the facts in the PSI.[5]

---

[5] We find the District Court's error particularly troubling since the facts of this case are strikingly similar to a case decided less than three months earlier by the same judge involving a defendant who bears the same last name as the defendant in this case. *See United States v. Estacio*, No. 8:21-CR-44-WFJ-TGW, 2024 WL 3771718 (M.D. Fla. Aug. 13, 2024), *aff'd,* No. 24-12702, 2025 WL 1355234 (11th Cir. May 9, 2025) (denying a § 3582(c)(2) reduction because defendant's vessel flooded when the Coast Guard boarded and the defendant "was only charged with less than 10% of what he smuggled"). In that case, Henri Manrique Estacio pleaded guilty of conspiracy to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and punishable under 21 U.S.C. § 960(b)(1)(B)(ii). According to the plea agreement, the Coast Guard had intercepted Henri Manrique Estacio and two other crew members on a low profile vessel ("LPV") without proper registration. The Coast Guard observed 10–12 bales of cocaine on the LPV but was unable to search the entire vessel because it was slowly flooding. The Coast Guard recovered, and Henri Manrique Estacio was prosecuted for, only 30 kilograms of cocaine. In both cases, the District Court reasons that a failure to recover all the cocaine led to a lower original sentence and so, to remedy the failure of the original sentence to reflect the seriousness of the crime, the District Court denies a sentence reduction. But the undisputed facts of this case render the

10                    Opinion of the Court                    24-13729

## IV. Conclusion

For the foregoing reasons we vacate and remand the District Court's denial of Estacio's motion for a reduction in his sentence.

**VACATED** and **REMANDED.**

---

District Court's reasoning inoperable because there is no evidence to suggest Carlos Adrian Plaza Estacio was punished for less cocaine than he was smuggling. Contrary to the Government's suggestion, the District Court's factual error affected the District Court's decision to deny Estacio a sentence reduction. Indeed, the factual error appears to be the basis for the District Court's decision.