**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10230

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

WAYNE DUKE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00026-KKM-AAS-2

_____

Before LAGOA, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Wayne Duke appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), in which he claimed that Amendment 821 to the United States Sentencing

Guidelines lowered his guideline range.  On appeal, Duke argues that the district court erred in denying his § 3582(c)(2) motion on the basis that he was ineligible for a reduction under Amendment 821 because U.S.S.G. § 1B1.10(b)(2)(B) provides an exception to reduce his term of imprisonment less than the minimum of the amended guideline range.  After careful review, we affirm.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) *de novo*.  *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).

A district court may modify a defendant's term of imprisonment when the original sentencing range has been subsequently lowered as a result of an amendment to the Guidelines by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  To be eligible for a sentencing reduction under § 3582(c)(2), a defendant must identify an amendment to the Guidelines listed in U.S.S.G. § 1B1.10(d) and the amendment must actually lower the guideline range that was calculated by the sentencing court.  U.S.S.G. § 1B1.10(a)(1); *id.* § 1B1.10, comment. (n.1(A)).[1]  Duke relies on Amendment 821, which reduced his offense level by two levels.  *Id.* § 1B1.10(d).

---

[1] If "'uncertainty does not exist'" in a Sentencing Guideline, courts "may not defer" to the commentary to that Guideline. *United States v. Dupree*, 57 F.4th 1269, 1275 (11th Cir. 2023).  However, we've relied on commentary where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [the Guideline's] text." *United States v. Jews*, 74 F.4th 1325, 1327 n.2, 1328 (11th Cir. 2023).  Here, both parties rely on the commentary and do not dispute its validity, so we may consider and defer to it.

When determining eligibility for a sentence reduction, a district court is to consider only the effect of the applicable guideline amendment; all other original sentencing determinations are to remain the same. *United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). Generally, if a defendant is eligible for a sentence reduction under § 3582(c)(2), the district court cannot reduce his sentence below the low end of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). Nonetheless, the Guidelines provide an exception to this rule and allow the district court to reduce the defendant's sentence below the low end of the amended range if it sentenced the defendant below the original "guideline range applicable to the defendant" based on a substantial-assistance motion by the government. *Id.* § 1B1.10(b)(2)(B). Under the version of the commentary applicable here, the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10, comment. (n.1(A)) (2024).[2]

---

[2] Previously, the Sentencing Commission amended the commentary to § 1B1.10 to resolve a circuit split over which departures were considered part of the "applicable guideline range" referred to in § 1B1.10 -- and clarified that departures were not part of the applicable guideline range. U.S.S.G. App. C, amend. 759 (Reasons for Amendment) (2011). Recently, the Sentencing Commission amended Application Note 1 to § 1B1.10 again to clarify that the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to

4                    Opinion of the Court                    25-10230

In *United States v. Marroquin-Medina*, we decided which method a district court should use in a § 3582(c)(2) proceeding to calculate a comparable substantial assistance departure under U.S.S.G. § 1B1.10(b)(2)(B).  817 F.3d 1285, 1287 (11th Cir. 2016).  There, the defendant was originally sentenced to 72 months' imprisonment, which represented a downward departure from his advisory guideline range based on his substantial assistance to the government.  *Id*. at 1287–88.  In his subsequent § 3582(c)(2) proceedings, the district court applied Amendment 782 and recalculated Marroquin-Medina's new sentence using a percentage-based approach to calculate a comparable substantial assistance departure under § 1B1.10(b)(2)(B).  *Id*. at 1288–89.  We held that a sentencing court in a § 3582(c)(2) proceeding has discretion to use "any of the reasonable methods that were available to calculate the original § 5K1.1 departure" to calculate a comparable reduction under U.S.S.G. § 1B1.10(b)(2)(B).  *Id*. at 1293.

Relevant here, our analysis addressed when a court may reduce a defendant's sentence under § 3582(c)(2) and the applicable policy statement in § 1B1.10.  *Id*. at 1290.  We explained that, consistent with § 1B1.10, "[i]f a district court exercises its discretion to apply a comparable reduction to a § 3582(c)(2) movant's amended guidelines range, that reduction may only account for a prior substantial assistance departure from the original guidelines range, and may not account for a downward variance from the same."  *Id*.

_____

§ 1B1.1(a)(1)–(7), which is determined before consideration of Part K of Chapter Five or § 1B1.1(b))."  *Id*. § 1B1.10, comment. (n.1(A)) (2025).

"The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos,* 553 U.S. 507, 514 (2008). "The simple existence of some statutory ambiguity, however, is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree." *Muscarello v. United States,* 524 U.S. 125, 138 (1998). In order for the rule of lenity to apply, there must be a "grievous ambiguity or uncertainty in the statute." *Id.* at 138–39 (citation modified).

Here, the district court did not err in denying Duke's motion for a sentence reduction under § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. When the district court originally sentenced Duke, it first calculated his sentence based on a total offense level of 31 and a criminal history category of I, which yielded a guideline range of 108 to 135 months' imprisonment. The court next said it was granting the government's one-level § 5K1.1 departure, which yielded a guideline range of 97 to 121 months' imprisonment. Lastly, the court imposed a two-level downward variance based on the § 3553(a) factors, and sentenced Duke to a low-end of the guidelines sentence of 78 months' imprisonment. For purposes of the instant motion, Duke's amended offense level pursuant to Amendment 821, coupled with a one-level § 5K1.1 departure, amounts to a total offense level of 28, and, when combined with his criminal history category of I, yields an amended guideline range of 78 to 97 months' imprisonment. U.S.S.G. Ch. 5, pt. A (Sentencing Table). Because Duke's minimum amended guideline range, accounting for the § 5K1.1 departure, is equal to his original

below-guideline sentence of 78 months, the district court determined that Duke was ineligible for § 3582(c)(2) relief. U.S.S.G. § 1B1.10(a)(2)(B); 18 U.S.C. § 3582(c)(2).

The district court properly determined that it lacked authority to grant Duke's § 3582(c)(2) motion. Duke disagrees, claiming that § 1B1.10(b)(2)(B)'s exception to the general low-end restriction applies and allows the district court to include the downward variance applied to his original below-guideline sentence, in addition to the departure based on his substantial assistance. But we've long recognized that downward variances are not included in this limited exception. *See, e.g.*, *Marroquin-Medina*, 817 F.3d at 1290 ("Expressly included within [§ 1B1.10(b)(2)(B)'s] limited exception are only government substantial assistance motions."). Likewise, the relevant commentary to § 1B1.10 provides that the "applicable guideline range" that must be lowered in order to be eligible for a § 3582(c)(2) reduction corresponds to the range *before* any departure provision or variance. U.S.S.G. § 1B1.10, comment. (n.1(A)) (2024). In Duke's case, the "applicable guideline range" corresponds to his original total offense level of 31 and a guideline range of 108 to 135 months' imprisonment, calculated before any departures or variances; after the substantial assistance motion and the downward variance, he ultimately was sentenced to 78 months. When he filed the instant § 3582 motion based on Amendment 821, the lowest possible sentence Duke could receive with the amended guideline range and his substantial assistance is equal to his original below-guideline sentence of 78 months, so the district court properly found him ineligible for a sentence reduction.

As for Duke's argument that the history of § 1B1.10 suggests an intent to give favorable treatment to defendants who cooperate with the government, the exception set forth in § 1B1.10(b)(2)(B) expressly recognizes a defendant's substantial assistance to the government and allows a district court the discretion to impose a reduction comparably less than the amended guideline range. This means that under the provision's plain language, a defendant continues to receive the benefits of his substantial assistance to the government, even when an amendment further reduces his sentence. In other words, Duke's substantial assistance is still recognized under the provision; it is the additional reduction he received as a downward variance at his original sentencing that made him ineligible for a further reduction in the instant motion. Moreover, the doctrine of lenity does not apply in this case because Duke has not shown any "grievous ambiguity or uncertainty" in § 1B1.10(b)(2)(B). *Muscarello*, 524 U.S. at 138–39 (citation modified).

Accordingly, the district court properly determined that it lacked authority to grant Duke's § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**