**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-10735

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

SIMON ANTONIO ZAMBRANO VARGAS,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00288-WFJ-LSG-1

————————————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Simon Antonio Zambrano Vargas, proceeding through counsel, appeals the denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). He argues the district court

abused its discretion because, he says, the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors and used only the information presented during the original sentencing proceedings to determine his sentence. After careful review, we hold the district court did not abuse its discretion by denying Zambrano Vargas a sentence reduction, so we affirm the denial of his § 3582(c)(2) motion.

## I.

In 2019, Zambrano Vargas pled guilty to one count of conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(b), and 21 U.S.C. § 960(b)(1)(B). Zambrano Vargas and three others were present on a go-fast vessel that the U.S. Coast Guard interdicted and boarded in international waters south of Mexico in June 2019. Zambrano Vargas directed boarding officers to concealed drugs, and law enforcement recovered 683 kilograms of cocaine from the vessel. Zambrano Vargas admitted he knew he was transporting cocaine in international waters. Under Zambrano Vargas's plea agreement, the government agreed to move for a downward departure at sentencing under § 5K1.1, if Zambrano Vargas provided what it deemed to be substantial assistance to the authorities.

Zambrano Vargas's presentence investigation report ("PSR") recommended a guideline range of 135 to 168 months' imprisonment based on a total offense level of 33 and a criminal-history category of I. The offense level included a two-level reduction

for meeting the safety-valve criteria set out in U.S.S.G. § 5C1.2, and a three-level reduction for acceptance of responsibility under § 3E1.1(a) and (b). The PSR also recognized that Zambrano Vargas's poverty and personal circumstances made him "susceptible to recruitment for participation in the international drug smuggling venture," which it suggested may warrant a sentence outside the guideline range.

Before sentencing, the government filed a motion for a two-level downward departure based on substantial assistance. *See* U.S.S.G. § 5K1.1. The motion requested an adjusted guideline range of 108 to 135 months. Then, at sentencing, the district court granted the government's motion and sentenced Zambrano Vargas to 108 months' imprisonment.

In 2024, Zambrano Vargas moved *pro se* for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. The district court appointed counsel, and a probation officer prepared a December 2024 memorandum confirming Zambrano Vargas's eligibility for a reduction. The probation officer found that Amendment 821 reduced the offense level by two levels, and that a "comparable departure" under the new guideline range, to account for the original substantial-assistance departure, would result in a guideline range of 87 to 108 months.

Thereafter, Zambrano Vargas filed a counseled, unopposed motion for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821, requesting a sentence of 87 months. He argued that the 18 U.S.C. § 3553(a) sentencing factors supported the

requested reduction.  In support, Zambrano Vargas highlighted his lack of criminal history and his genuine remorse, his impoverished circumstances when he committed the offense, and his post-sentencing education, rehabilitation, and lack of disciplinary history.

The district court denied Zambrano Vargas's request for a sentence reduction based on Amendment 821.  In its four-page order, the court reviewed the procedural history of the case, the probation officer's eligibility memorandum, and Zambrano Vargas's unopposed motion.  Then, stating that its "discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a)," the court found that "those factors weigh against a reduction in sentence."  In particular, the court concluded that the nature of the offense "counseled against further reduction," given the "significant amount of cocaine—about 683 kilograms"—involved in the "large maritime smuggling venture."  The court also noted that Zambrano Vargas previously had received a two-level downward departure and that he was "a citizen of Ecuador with an unresolved ICE detainer."

## II.

Zambrano Vargas contends the district court failed to consider the § 3553(a) factors and accurately apply an individualized assessment when it resolved his § 3582(c)(2) motion for a sentence reduction.

We review a district court's decision whether to reduce an eligible defendant's sentence under 18 U.S.C. § 3582(c)(2) for an abuse of discretion.  *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).  A district court abuses its discretion if

it fails to apply the proper legal standard or follow proper procedures when making a decision under § 3582(c)(2). *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010). Under the abuse-of-discretion standard, a district court enjoys "a range of choice , . . . and so long as its decision does not amount to clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *United States v. Campbell*, 491 F.3d 1306, 1311 (11th Cir. 2007) (cleaned up).

Under § 3582(c)(2), a district court may reduce an incarcerated defendant's length of imprisonment if the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Zambrano Vargas based his § 3582(c)(2) motion on Amendment 821. Among other things, that amendment added U.S.S.G. § 4C1.1, entitled "Adjustment for Certain Zero-Point Offenders." *See* U.S.S.G. Supp. app. C, amend. 821, pt. B. subp.1 (2023). The new guideline provides for a two-level decrease in a defendant's offense level if the defendant does not receive any criminal-history points and satisfies various other criteria. *See* U.S.S.G. § 4C1.1(a). Amendment 825 made this part of Amendment 821 retroactively applicable under U.S.S.G. § 1B1.10(d). *See* U.S.S.G. Supp. app. C, amend. 825 (2023).

In considering a § 3582(c)(2) motion for a sentence reduction, a district court engages in a two-step process. At the first step, the court recalculates the advisory guideline range using the amended guideline. *United States v. Bravo*, 203 F.3d 778, 780–81

(11th Cir. 2000).  And at the second step, the court decides whether, in its discretion, to reduce the defendant's sentence, considering the § 3553(a) factors.  *Id.*  In making its determination, the court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."[1]  18 U.S.C. § 3582(c)(2).  The court also has the discretion to account for a defendant's post-conviction conduct.  *United States v. Williams*, 557 F.3d 1254, 1256–57 (11th Cir. 2009).

Generally, "[t]he discretion federal judges hold at initial sentencings also characterizes sentencing modification hearings." *Concepcion v. United States*, 597 U.S. 481, 492 (2022).  When considering a possible sentence reduction, the district court need only "make clear" that it took into consideration the parties' arguments.  *Id.* at 501.  And the district court need not give "anything more than a brief statement of reasons."  *Id.* (internal citation omitted).

So the district court is not obligated to expressly address each of the § 3553(a) factors or all the mitigating evidence.  *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021).  "The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court."  *Id.* (internal citation omitted).  As

---

[1] The § 3553(a) sentencing factors include, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the guideline range, the need to avoid unwarranted sentencing disparities, and the needs for the sentence to reflect the seriousness of the offense, deter criminal conduct, and protect the public.  *See* 18 U.S.C. § 3553(a).

long as the record shows that the court took into account the pertinent factors, the court does not reversibly err by not discussing each § 3553(a) factor on the record. *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). A district court may show its consideration of the § 3553(a) factors by stating that it "reviewed the motions, the Government's [response]. . . and [was] otherwise duly advised." *Id.* at 1322–23.

That said, if it is impossible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court. *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009).

Here, Zambrano Vargas has not shown that the district court abused its discretion by denying a sentence reduction based on Amendment 821. The district court correctly found that Zambrano Vargas was eligible for a sentence reduction because Amendment 821 had the effect of lowering his guideline range. Because Zambrano Vargas met the criteria for Part B of Amendment 821, he was eligible for a two-level reduction in offense level from 33 to 31, which lowered his guideline range from 135–168 month to 108–135 months. Plus, because the original sentencing court granted a two-level departure for substantial assistance, the district court could have granted "a reduction comparably less than the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(B). Still, "there is no requirement that the district court must depart again." *United States v. Marroquin-Medina*, 817 F.3d 1285, 1290–91 (11th Cir. 2016).

In declining to exercise its discretion to reduce Zambrano-Vargas's sentence, the district court said that its decision was "guided by the sentencing factors in 18 U.S.C. § 3553(a)." The court explained that "those factors weigh[ed] against a reduction in sentence," given the large quantity of cocaine involved in the "large maritime smuggling venture."

To be sure, the district court did not go further and address Zambrano Vargas's § 3553(a) arguments specifically. But it didn't have to explain its assessment of each of the § 3553(a) factors or further speak to Zambrano Vargas's arguments. *See Tinker*, 14 F.4th at 1241. The court's order reflects that the court reviewed Zambrano Vargas's unopposed § 3582(c)(2) motion, which made arguments based on § 3553(a), and that it considered several § 3553(a) factors in its decision, including the nature of the offense. *See id.* ("[A]n acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient."). Thus, contrary to Zambrano Vargas's arguments on appeal, the record shows that the district court accounted for the § 3553(a) factors and adequately explained its decision to not reduce his sentence. *See Eggersdorf*, 126 F.3d at 1322.

Zambrano Vargas's argument that the district court abused its discretion does not persuade us. While the district court was permitted to consider Zambrano Vargas's rehabilitation, among other § 3553(a) factors, it was not required to grant a reduction on that basis. *See Williams*, 557 F.3d at 1256–57. And the mere fact that the court's order omitted reference to that conduct does not

mean the district court failed to consider it. *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (explaining that the fact that a district court fails to discuss a mitigating fact does not indicate the district court "erroneously ignored" or "failed to consider" that evidence).

Similarly, Zambrano Vargas has not shown that the district court abused its discretion by refusing to grant a "comparable reduction" for substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(B). Under our precedent, "there is no requirement that the district court must depart again," *Marroquin-Medina*, 817 F.3d at 1290–91, even in situations where we might have decided differently. *See Campbell*, 491 F.3d at 1311. The district court has broad discretion to weigh the § 3553(a) factors. *See Tinker*, 14 F.4th at 1241. Here, the district court reasoned that the nature and circumstances of Zambrano Vargas's offense outweighed other § 3553(a) considerations favoring a reduction. The court's choice to heavily weigh the nature of the offense fell within its discretion, and Zambrano Vargas has not shown an abuse of that discretion.

Zambrano Vargas also argues that the district court failed to "meaningfully engage" with his § 3582(c)(2) motion. In support, Zambrano Vargas asserts that the same district-court judge has "rejected every Amendment 821 reduction motion it has ruled on." He cites other criminal cases in which the same judge denied § 3582(c)(2) motions based on Amendment 821 using "substantially similar" reasoning. But even if that track record may, in an appropriate case, present cause for concern, Zambrano Vargas has not

shown that the district court abused its discretion by denying a sentence reduction in his particular circumstances, as we've already explained. So without more, the court's alleged handling of other § 3582(c)(2) motions does not provide grounds for relief.

Finally, Zambrano Vargas contends that the district court erred "to the extent" the court denied a sentence reduction based on his "unresolved ICE detainer." As his conditional phrasing appears to concede, though, the record does not suggest that the court erroneously relied on the ICE detainer to deny a reduction. *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1253 (11th Cir. 2008) (holding that a court errs by basing a sentence on "unfounded assumptions regarding an individual's immigration status or on his personal views of immigration policy"). Rather, it appears the court simply noted the fact in its order *after* concluding that the nature of the offense weighed against a reduction.

For these reasons, we affirm the denial of Zambrano Vargas's § 3582(c)(2) motion for a sentence reduction based on Amendment 821.

**AFFIRMED.**